Gladys C. LAWRENCE, Plaintiff,

v.

FRANKLIN INVESTMENT CO., INC.,
et al., Defendants.

Civ. A. No. 78–0919.

United States District Court,
District of Columbia.

Dec. 12, 1978.

Al J. Daniel, Jr., Washington, D. C., for plaintiff.

Bernard D. Lipton, Silver Spring, Md., for Franklin Inv. Co., Inc.

Jacob C. Lish, Washington, D. C., for Sons Automotive Center, Inc.

Bernard D. Lipton, Silver Spring, Md., for Reliance Ins. Co.

Jacob C. Lish, Washington, D. C., for Western Cas. Co.

## MEMORANDUM

OBERDORFER, District Judge.

### I. Introduction

This action requires the Court to examine a transaction in which a used 1973 automobile was sold by defendant Sons Auto Center, Inc. ("Sons") to plaintiff Gladys Lawrence, in order to determine its conformity with the requirements of two consumer protection statutes, the Truth-in-Lending Act, 15 U.S.C. 1601 *et seq.*, and the Federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 *et seq.* (the "Odometer Act"). Plaintiff purchased her car in May, 1977 from Sons, a company which at that time conducted business under the name of Monroe's Automotive Center, and signed an installment contract calling for payments over a twenty-four month period. Also named as defendants in the action are Franklin Investment Co., Inc. ("Franklin"), lienholder of the car and the creditor to whom the installment contract was assigned, and the bonding company of Sons, Western Surety .Company, and of Franklin, Reliance Insurance Company. The action is before the Court on cross-motions for summary judgment.

In Count I, plaintiff claims that defendants failed to make the disclosures required by the Truth-in-Lending Act, and the regulations thereunder, Reg. Z, 12 C.F.R. part 226, citing six examples of that failure; in a supplemental memorandum in support of her motion for summary judgment, a seventh is advanced. In Count II, plaintiff alleges that defendants failed to disclose odometer information in the manner re-

quired by the Odometer Act and the regulations thereunder, 49 C.F.R. 580.1, *et seq.*, and that defendant Sons violated those disclosure requirements with the fraudulent intent necessary for liability under 15 U.S.C. § 1989. What defendant did and did not disclose and the manner of its disclosures may be determined by reference to the various documents surrounding the sale and is therefore not in dispute. The following findings of fact are drawn from those documents, as well as the parties' statements of genuine issues and facts not in dispute. For convenience, those findings and the conclusions of law are subdivided according to the specific violations alleged. Based upon those factual findings, the Court concludes that defendants violated the disclosure requirements of the Truth-in-Lending Act in at least two instances; summary judgment will therefore be entered for plaintiff on Count I. Penalty for violation of the Act is not cumulative so that the foregoing conclusion obviates examination of the remaining five allegedly improper disclosures. As to Count II, the Court concludes that plaintiff presents no allegations which, if proved, would permit a finding of the intent to defraud necessary for liability under § 1989. Therefore, summary judgment will be entered for defendants on Count II.

### II. Findings of Fact

A. *Alleged Failure Properly To Disclose Sons As Creditor*

1. Sons was a creditor of plaintiff within the meaning of the Truth-in-Lending Act. (Sons Answer, p. 2).

2. 12 C.F.R. § 226.8(a) provides that: At the time disclosures are made, the creditor shall furnish the customer with a duplicate of the instrument or statement by which the required disclosures are made and on which the creditor is identified.

3. On the Disclosure Statement furnished to plaintiff, the seller is identified as Monroe's Automotive Center, 2001 West Virginia Avenue, N.E., Washington, D.C.

20002. (Disclosure Statement attached to Franklin Motion For Summary Judgment.)

4. Monroe's Automobile Center was the trade name for Sons, a District of Columbia corporation. (Sons and Western Joint Statement of Genuine Issues, p. 1.)

B. *Alleged Failure Properly To Identify Franklin*

5. 12 C.F.R. § 226.6(d) provides:

If two or more creditors . . . make a joint disclosure, each creditor . . . shall be clearly identified.

6. Franklin was a creditor of plaintiff within the meaning of the Truth-in-Lending Act. (Franklin Answer, p. 2.)

7. The Disclosure Statement indicated that:

The Retail Installment Contract or Conditional Sales Contract is to be assigned by Seller to Franklin Investment Co., Inc., 400 1st Street, Washington, D.C. All references to Assignee herein shall mean Franklin Investment Co., Inc.

C. *Alleged Failure To Comply With The Odometer Statute*

8. Pursuant to the Odometer Act, 49 C.F.R. 580.4 and 580.6 provide for the disclosure of mileage and other information upon the transfer of an automobile, set forth the form which such disclosure must take, and require notice that an inaccurate statement may make seller liable under the Act.

9. 15 U.S.C. § 1989(a) imposes liability upon "[a]ny person who, with intent to defraud, violates any requirement imposed under this subchapter . . ."

10. Defendant failed to give notice of its potential liability under the Act for failure to comply with the disclosure requirements; defendant also failed to employ the form of disclosure required by the regulations. (Sons Motion For Summary Judgment, p. 2; Plaintiff's Statement of Material Facts as to Which There is no Genuine Issue, p. 3.)

11. Defendant did provide an odometer disclosure statement of the prior owner, stating a mileage of 59,642 miles. (Attach-ment to Franklin's Motion For Summary Judgment.) On the order and bill of sale, plaintiff stated a mileage of 59,721 miles. (Plaintiff's Exhibit # 10 in Support of her Cross Motion for Summary Judgment.)

12. There is no allegation that the mileage was inaccurate, or that the odometer was disfunctional or had been tampered with.

### III. Conclusions of Law

A. *Failure Properly To Disclose Sons As Creditor*

1. Use of the trade name of a corporation does not meet the Act's requirement of identifying the creditor. *Vines v. Hodges*, 422 F.Supp. 1292, 1299 (D.D.C. 1976); *see Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 654 (8th Cir. 1978). The fact, urged by defendants, that the transaction in *Vines* may or may not have been generally "shady" is irrelevant. A trade name may not be sued, and disclosure of the trade name alone presents a barrier to discovering the actual identity of the creditor, particularly as here where the business location has changed.

B. *Failure Properly To Identify Franklin As Creditor*

2. Disclosure of Franklin as "Assignee" does not meet the disclosure requirement of the Truth-in-Lending Act. 15 U.S.C. § 1640 establishes liability for "any creditor" who fails to make the requisite disclosures. Failure to identify Franklin as creditor presents an unnecessary barrier to a consumer's discovery that Franklin was indeed a creditor and therefore potentially liable under the Act; such a barrier is not in harmony with the consumer-protection goals of the Act. *See Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 363–65, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

C. *Failure To Comply With Odometer Statute*

3. Liability under 15 U.S.C. 1989(a) is based upon the existence of a violation of the odometer requirements and an intent to

defraud; *Clayton v. McCary*, 426 F.Supp. 248 (N.D.Ohio 1976); *Pepp v. Superior Pontiac GMC, Inc.*, 412 F.Supp. 1053 (E.D.La. 1976); *compare* 15 U.S.C. § 1988.

The cases are divided over whether the "intent to defraud" requirement may be satisfied without a showing of actual knowledge of the inaccuracy of the certified mileage or of a malfunctioning odometer. For example, in *Mataya v. Behm Motors, Inc.*, 409 F.Supp. 65, 69–70 (E.D.Wis.1976), actual knowledge was required. By contrast in *Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328 (D.Conn.1977), after a careful review of the type of knowledge required in analogous criminal and civil fraud actions, the court concluded that civil liability under the Act may be imposed without actual knowledge.

In all these cases involving intent to defraud, however, there is either an allegation or some proof that some fraud has been committed, *i. e.*, that the mileage certified was inaccurate because the odometer had been tampered with or was malfunctioning. In *Jones, supra*, the used car dealer who sold the automobile to plaintiff had been informed by the party from whom it purchased the auto that the odometer had been "dead" for a year. In *Birdswell v. Hartsville Motors, Inc.*, 404 F.Supp. 625 (M.D. Tenn.1975), plaintiff alleged, and the court found, that the odometer had been replaced. In *Huryta v. Diers Motor Co. of Grand Island*, Neb., 426 F.Supp. 1176 (D.Neb.1977), the dealer certified to the accuracy of an odometer mileage, although the certificate of mileage it received when it had purchased the automobile indicated "UNKNOWN" in a space entitled "True Mileage (if other than odometer mileage)"; plaintiff alleged that the auto had traveled over 40,000 miles more than the odometer indicated. And, in *Kantorczyk v. New State Auto Auction, Inc.*, 433 F.Supp. 889 (W.D. Pa.1977), the odometer indicated 50,006 miles, while the actual mileage was 150,-006.*

Here, by contrast, there is no allegation that the mileage represented was inaccurate, or that the odometer had been tampered with or was malfunctioning. The difference in mileage at issue is less than 100 miles. There is simply no intentional fraud fairly chargeable to defendant.

Prior to its amendment, § 1988 prohibited violation of any rules under the Act, or "*knowingly*" giving a false statement to a transferee. That section now provides that no transferor "shall violate any rule prescribed under this section or give a false statement to a transferee." Such violations may be remedied by injunctive relief or civil damages in suits brought by local or federal officials, §§ 1990a, b; if knowing and wilful, such violations may incur criminal penalties, § 1990c. Whether defendant has violated § 1988 is not an issue before the Court; the section is instructive, however, in revealing the differing requirements for liability in actions brought by the government and in actions brought by private parties. The public interest in compliance with the disclosure requirements may be protected by injunctive relief under § 1988, without regard to defendant's intent; relief in damages for private actions, however, requires the greater showing of an intent to defraud the purchaser.

Plaintiff's allegations here go entirely to establishing that defendant was aware of his failure to comply with the disclosure requirements of the Act. Whatever the efficacy of such allegations in an action grounded upon § 1988, they do not allege the "intent to defraud" necessary under § 1989. As there is no allegation of that intent, nor of any fraud in reporting the actual mileage to plaintiff or in tampering with the odometer, defendants' motion for summary judgment must be granted.

4. 15 U.S.C. § 1640(a) authorizes damages of twice the amount of the finance charges involved in the transaction, but no

---

* In *Pepp, supra*, an auto was held by a dealer for eight months before sale, and records revealed a change of only one-half mile on the odometer during that period. Plaintiff sued for damages under § 1989, presumably inferring from those facts that the odometer was inaccurate; the judge assumed such inaccuracy in resolving the motions for summary judgment.

less than $100 and no more than $1,000; as the finance charge here was $714.70, plaintiff is entitled to recover $1,000 based upon the violation of the Truth-in-Lending Act. Section 1640(a)(2) also authorizes award of costs and reasonable attorneys fees to a successful party in a suit under the Act.

An Order will be entered accordingly.