Thomas AUGUSTA, Plaintiff-Appellant,

v.

MARSHALL MOTOR COMPANY and
Ford Motor Credit Company,
Defendants-Appellees.

No. 77–3550.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 5, 1977.

Decided Dec. 26, 1979.

John E. Duda, William M. Wohl, Duda, Elk & Wohl, Cleveland, Ohio, for plaintiff-appellant.

Andrew J. McLandrich, James P. Conroy, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for Marshall Motor Co.

William D. Ginn, David J. Naftzinger, Thompson, Hine & Flory, Cleveland, Ohio, for Ford Motor Credit Co.

Before LIVELY, KEITH and BROWN, Circuit Judges.

## ORDER

Appellant, Augusta, purchased a Ford automobile from a Ford Dealer, appellee Marshall Motor Co. Augusta desired financing of the purchase, which Marshall arranged through appellee Ford Motor Credit Co. Augusta executed an "instalment contract" which was forthwith assigned by Marshall to Ford Credit, and Augusta was shortly thereafter supplied with a payment coupon book by Ford Credit.

Augusta then sued Marshall and Ford Credit, contending that under the Truth-In-Lending Act and Regulation Z issued by the Federal Reserve Board pursuant to the Act, Marshall and Ford Credit were required to reveal at the time of the purchase that Ford Credit was a creditor of Augusta and that this was not done. Ford Credit and Marshall contended that Ford Credit, as an assignee of the instalment contract, was not a "creditor" of Augusta within the meaning of the Regulation and that, in any event, Augusta received notice that Ford Credit was a creditor by the very terms of the

instalment contract and also by the payment coupon book sent to him by Ford Credit.

Augusta, Ford Credit and Marshall moved for summary judgment, and District Judge Krupansky granted summary judgment in favor of Ford Credit and Marshall and against Augusta. 453 F.Supp. 912. Judge Krupansky did not determine whether Ford Credit, as an assignee, was a "creditor" within the meaning of the Regulation, but he did determine that Augusta received notice that Ford Credit was a creditor by the terms of the instalment contract and also the payment coupon book.

We need not decide whether Ford Credit was, as an assignee, a "creditor" within the meaning of the Regulation and need not decide whether the payment coupon book gave timely notice, if such was required. We determine that Judge Krupansky was correct in holding that the instalment contract itself gave adequate notice of Ford Credit's involvement in the transaction. This issue involving this very contract form was before the court in *Milhollin v. Ford Motor Credit Co.*, 586 F.2d 753 (9th Cir. 1978), and the court held that the contract gave such notice, pointing out that Ford Credit was shown as assignee on the contract at a point close to two separate places that the purchaser must sign the contract. The court also determined that the fact that Ford Credit is not described as a "creditor" and instead is shown as the assignee does not vitiate the notice to the purchaser. We also point out that at the top of the contract form are the words "Ford Motor Credit Company," which although torn off after the contract is executed, were there when Augusta signed it.

The judgment of the district court is therefore

AFFIRMED.