Robert N. SHARP, Mary Sharp, and James S. Brannon, Trustee in Bankruptcy for Robert N. Sharp, Plaintiffs-Appellants,

v.

FORD MOTOR CREDIT CO. and Louis Lakis Ford, Inc., Defendants-Appellees.

Bruce CONGER and Lucille Conger, Plaintiffs-Appellants,

v.

FURNITURE FREIGHT SALES and General Finance Corporation, Defendants-Appellees.

Nos. 78–1814, 78–1813.

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1979.

Decided Jan. 15, 1980.

---

Barry M. Barash, Galesburg, Ill., for plaintiffs-appellants.

Aaron J. Kramer, Wm. T. Kirby, Chicago, Ill., Barney Olson II, Galesburg, Ill., Wm. V. Altenberger, Peoria, Ill., for defendants-appellees.

Before SWYGERT, SPRECHER and BAUER, Circuit Judges.

BAUER, Circuit Judge.

The plaintiffs-appellants in these consolidated cases appeal from two Decisions and Orders of the district court granting summary judgments in favor of the defendants-appellees on the appellants' complaints for alleged violations of the Truth in Lending provisions of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.* ("Act"), and the regulations adopted pursuant thereto, 12 C.F.R. §§ 226.1 *et seq.* ("Regulation Z"). The sole issue on appeal is whether the district court erred in holding that the denomination of the appellees Ford Motor Credit Company and General Finance Corporation as "assignees" rather than as "creditors" on the disclosure statements made in connection with the installment credit sales to the appellants did not constitute a violation of the Act or Regulation Z.[1] We conclude that the identities of Ford Credit and General Finance were adequately disclosed to the appellants in compliance with the statute and regulations, and accordingly affirm the judgments appealed from for the reasons set forth below.

---

1. Additionally, the appellants in *Conger v. Furniture Freight Sales*, No. 78–1813, contend that General Finance Corporation further violated the Act and Regulation Z, as well as Section 9–204(2) of the Illinois Uniform Commercial Code, Ill.Rev.Stat.1975, ch. 26, § 1–101 *et seq.*, by attempting to obtain an unlawful security interest in their after-acquired consumer goods. Since the district court did not address the merits of this allegation in deciding the parties' cross-motions for summary judgment, we re-

gard this issue as improperly raised on appeal. It is fundamental that this Court, in the exercise of its appellate jurisdiction, ordinarily will not consider a question which the district court, without objection by either party, failed to decide. *State Wholesale Groc. v. Great Atl. & Pac. Tea Co.*, 258 F.2d 831, 839 (7th Cir. 1958). Nor do the circumstances attendant to this failure warrant an exception to the general rule. *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

## I

The retail installment credit transactions underlying the complaints in these cases were essentially identical in all respects material to the disposition of this appeal. Appellee Ford Motor Credit Company provides financing to Ford dealers by extending operating and inventory loans, and by purchasing retail installment contracts for the sale of automobiles by its dealers. In connection with the latter program, Ford Credit provides to its dealers for their optional use forms of credit applications, installment sales contracts, and rate charts for computing finance charges. Although the dealers negotiate all terms of the installment contracts directly with their customers, the dealers, pursuant to the provisions of the Ford contract form and a standing arrangement with Ford Credit, typically assign the executed contracts to Ford Credit within a few days after the sales are consummated. Ford Credit is usually unaware of any specific sale until the contract is presented for assignment; however, dealers may obtain prior approval for customers with marginal credit ratings. Ford Credit is not obligated to purchase any contracts from its dealers, but it ordinarily rejects only a minor percentage of those proffered. Appellee General Finance Corporation undertakes similar financing arrangements with various retail dealers in consumer goods.

Appellants Robert and Mary Sharp sought credit from appellee Louis Lakis Ford, Inc. for the purpose of purchasing a new Ford automobile from Lakis. Appellants Bruce and Lucille Conger sought credit from appellee Furniture Freight Sales for the purpose of purchasing certain household goods and furniture. Accordingly, the Sharps completed a credit application on a form supplied to Lakis by Ford Credit and the Congers completed a credit application on a General Finance form provided to Furniture Freight Sales. The finance companies approved the submitted credit applications and informed the dealers that they would purchase the proposed installment contracts upon execution by the appellants and the dealers. The executed contracts were subsequently assigned by the dealers

to the finance companies in accordance with the assignment provisions contained therein. The finance companies remitted cash less discounts to the dealers, notified the appellants of the assignments, and provided them with coupon payment books and other materials related to their financial obligations under the installment contracts.

■ The appellants' complaints alleged that Ford Credit and General Finance were creditors within the intendment of the Act and Regulation Z, and that the disclosure of their relationship as assignees of the installment contracts was improper. The complaints did not challenge the accuracy or adequacy of the disclosures relating to the credit transactions, but only that Ford and General were not adequately identified therein as creditors. The installment contracts were the only documents which purported to make the disclosures required under the Act and Regulation Z. No purpose is served by summarizing the disclosures contained in these documents, with the exception of the closing information. Immediately opposite the spaces where the appellants affixed their signatures in acknowledgment of having received a true and complete copy of the installment contract, the following language appeared on the Sharp and Conger contracts, respectively:

> The foregoing contract is hereby accepted by the Seller and assigned to Ford Motor Credit Company in accordance with the terms of the Assignment set forth on the reverse side hereof.

> The foregoing contract is hereby accepted by the Seller named below and is assigned to GENERAL FINANCE CORPORATION OF ILLINOIS in accordance with the terms of the Assignment set forth on the reverse side hereof and as initialed below.

In their motions for summary judgment, the appellants argued that these assignments were not true disclosures of Ford's and General's identities as creditors in violation of Regulation Z. 12 C.F.R. § 226.-8(a), (d). The appellees defended on the ground that they were in fact subsequent

assignees of the contracts, not creditors. Alternatively, they contended that even if they were held to be creditors, their identities were adequately disclosed on the faces of the installment contracts. From the orders of the district court granting summary judgments for the appellees, the appellants have appealed to this Court. We affirm.

## II

The appellants advance the following syllogism in support of their contention that Ford and General violated the Act and Regulation Z by failing to disclose their true identities as creditors. First, the appellants argue Ford and General are creditors as that term is defined by Regulation Z because they extended credit directly to the appellants, while using the dealers as mere conduits for the arrangement of credit. 12 C.F.R. § 226.2(s). Second, the appellants maintain that Regulation Z requires creditors to be clearly identified on the disclosure statement prior to the consummation of the credit transaction. 12 C.F.R. § 226.-8(a), (d). Accordingly, the appellants contend that the failures of the disclosure statements to denominate Ford and General as creditors constituted violations of the Act and Regulation Z.

In the context of this appeal, we find it unnecessary to address the merits of this syllogism or otherwise decide whether Ford and General were creditors of the appellants. Assuming *arguendo* that Ford and General were creditors within the meaning of the Act and Regulation Z, we conclude that their statuses were adequately identified to the appellants on the faces of the installment contracts.

█ The Congress declared the purpose of the Act to be "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and to avoid the uninformed use of credit." 15 U.S.C. § 1601. In accordance with this statutory purpose, Regulation Z sets forth in meticulous detail the credit terms required to be disclosed under the Act. 12 C.F.R. § 226.8(b). The Regulation further provides that these required terms be meaningfully disclosed on the forms used, and that the creditor(s) be clearly identified. 12 C.F.R. § 226.8(a), (d). However, neither the statute nor the regulations require that a creditor's identity be disclosed in a particular manner or be denominated by the specific and descriptive appellation of creditor. Indeed, the Federal Reserve Board has stated in response to a similar claim: "Although the identification of a creditor is required disclosure under § 226.8(a), this disclosure does not constitute required 'terminology.'" Official Interpretation of Regulation Z, 41 Fed.Reg. 41908 (1976).

█ As the district court observed, the Act is concerned with substance, *i. e.*, the meaningful disclosure of credit terms. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). Regulation Z implements this substantive purpose, with the further requirement that the creditor be clearly identified. In these cases, the appellants were apprised of the credit terms and of the fact that the contracts ultimately would be assigned to the finance companies. To require, as appellants now contend, that Ford and General should have been designated as other than assignees on the installment contracts would not further the purposes of the Act but would, in our view, result in subverting the substance of the Act to form. Accordingly, we hold that the denomination of Ford Credit and General Finance as assignees of the appellants' installment contracts constituted a clear and adequate identification of their relationships to the transactions within the meaning of Regulation Z.

The judgments appealed from are affirmed, and the Clerk of this Court is directed to enter judgment accordingly.

Affirmed.