FORD MOTOR CREDIT CO. *v.* CENANCE ET AL.

No. 80–1205.  Decided June 1, 1981

PER CURIAM.

The motion of the American Bankers Association for leave to file a brief as *amicus curiae* is granted.  The motion of the California Bankers Association for leave to file a brief as *amicus curiae* is granted.

These cases were consolidated in the Court of Appeals. *Cenance* v. *Bohn Ford Co.,* 621 F. 2d 130 (CA5 1980).  In each, a prospective purchaser of an automobile entered into an installment sales transaction with an automobile dealer. Prior to completion of the transaction the dealer submitted the buyer's credit application to petitioner Ford Motor Credit Co. (FMCC).  Once the dealer was notified that the buyer met FMCC's credit standards, the buyer and the dealer ex-

ecuted a retail installment contract. On each contract the following legend appeared: "The foregoing contract hereby is accepted by the Seller and assigned to Ford Motor Credit Company in accordance with the terms of the Assignment set forth on the reverse side hereof." Pursuant to the arrangement between the dealer and FMCC, FMCC purchased each contract without recourse against the dealer. Although FMCC did not assist in the actual negotiations, it provided the dealer with credit forms, including blank retail installment contracts. Although each did so, none of the dealers was obligated to seek financing from FMCC in perfecting its sales transaction.

Subsequently, each buyer brought suit in Federal District Court, alleging violations of the Truth in Lending Act, 82 Stat. 146, as amended, 15 U. S. C. § 1601 *et seq.* The allegations common to all suits were that FMCC was a creditor within the meaning of the Act and that the statement concerning assignment to FMCC did not adequately disclose that status.[1] The respective District Courts agreed and the Court of Appeals for the Fifth Circuit affirmed. In determining that FMCC was a creditor, the Court of Appeals relied upon its prior decision in *Meyers* v. *Clearview Dodge Sales, Inc.,* 539 F. 2d 511 (1976). There the court had held under similar facts that it would be elevating form over substance to characterize a party such as FMCC, there Chrysler Credit Corp., as anything but a creditor. In the immediate case, the court reiterated that point:

"The *Meyers* analysis applies with even greater force

---

[1] In addition to the failure to disclose creditor status, three of the plaintiffs, Cenance, Strzelecki, and Booker, alleged that tag, title, and registration fees should have been separately disclosed, 12 CFR § 226.4 (b) (4) (1980); Cenance also averred that a $1 lien recordation fee should have been separately itemized as a fee paid to public officials, § 226.4 (b) (1); and Shropshire and Wiggs alleged that documentary fees should not have been included in the cash-price disclosure since they were in fact part of the financing charge.

to the instant situation because here the dealers regularly dealt only with Ford. The dealer and Ford prearranged for the assignment of the finance instrument. At no time did the risk of finance reside with the dealer. The transaction between dealer and automobile purchaser was conditioned upon acceptance of the credit application by Ford. Indeed, the credit application form was prepared by Ford. As in *Meyers,* it would be elevating form over substance to hold that Ford was anything but an original creditor within the meaning of the Act and Regulation Z." 621 F. 2d, at 133.

Having concluded that FMCC was a creditor within the meaning of the Act, the Court of Appeals went on to hold that the statement in the retail sales agreement notifying the buyer of the assignment to FMCC was an insufficient disclosure of creditor status in violation of 12 CFR § 226.6 (d) (1980). The court also held that FMCC was liable for certain other Truth in Lending Act violations pertinent to each particular suit.

FMCC's petition for certiorari challenges these holdings. We grant the petition in major part,[2] affirm the holding that FMCC is a creditor within the meaning of the Act, but reverse the holding that the statement revealing the assignment to FMCC was not a sufficient disclosure of creditor status to satisfy § 226.6 (d).

The Truth in Lending Act, as it stood prior to recent amendments, defined creditors in pertinent part as those "who regularly extend, or arrange for the extension of, credit . . . ." 15 U. S. C. § 1602 (f). Regulation Z, pro-

---

[2] There were additional violations sustained by the Court of Appeals. The Court of Appeals rejected FMCC's claim that under § 226.6 (d) one⌐ of these violations should not have been attributed to it since the violation was beyond the "purview" of its relationship with the dealer. We deny FMCC's petition for certiorari insofar as it challenges the Court of Appeals' judgment in this respect.

mulgated pursuant to the Act, defines the term consistently with the above: " 'Creditor' means a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit . . . ." 12 CFR § 226.2 (s) (1980). On the facts of this case, the above definition easily encompasses both the dealers and FMCC.[3] Each dealer *arranged* for the extension of credit but FMCC actually *extended* the credit. The facts negate any suggestion that the dealers anticipated financing any of these transactions. The sales were contingent upon FMCC's approval of the credit worthiness of the buyer. The acceptance of the contract and the assignment became operational simultaneously, and the assignment divested the dealer of any risk in the transaction. In short, we agree with the Court of Appeals that it would be elevating form over substance to conclude that FMCC is not a creditor within the meaning of the Act.[4]

---

[3] Absent a clear indication of legislative intent to the contrary, the statutory language controls its construction. In addition, the regulations promulgated by the governmental body responsible for interpreting or administering a statute are entitled to considerable respect, *Zenith Radio Corp.* v. *United States,* 437 U. S. 443, 450 (1978), and this is particularly true under the Truth in Lending Act, see *Ford Motor Credit Co.* v. *Milhollin,* 444 U. S. 555, 566–567 (1980). These rules are fully applicable here.

[4] FMCC does contend, however, that there is an indication in the legislative history that under facts such as these a finance institution should be treated as a subsequent assignee and be afforded the more limited liability that status carries. See 15 U. S. C. § 1614. In this regard petitioner cites the failure of Congress to adopt an amendment to the Act which would have limited the applicability of § 1614 to those subsequent assignees not "in a continuing business relationship with the original creditor." 114 Cong. Rec. 1611 (1968). The failure to adopt this provision, in petitioner's view, indicates an intent to confer upon a financial institution that maintains a continuing business relationship with a particular seller, the status of subsequent assignee. There is little or no force to this position. The proposed provision merely addressed the liability of those subsequent assignees who had a continuing business relationship with the original creditor. The mere fact that joint

Equally formalistic, however, is the conclusion below that the statement notifying the buyer of the assignment to FMCC was an insufficient disclosure of FMCC's creditor status. As the Court of Appeals recognized, other Courts of Appeals that have addressed this precise point have held that such a statement adequately disclosed FMCC's role in the transactions. *Sharp* v. *Ford Motor Credit Co.*, 615 F. 2d 423, 426 (CA7 1980); *Augusta* v. *Marshall Motor Co.*, 614 F. 2d 1085, 1086 (CA6 1979); *Milhollin* v. *Ford Motor Credit Co.*, 588 F. 2d 753, 756–757 (CA9 1978), rev'd on other grounds, 444 U. S. 555 (1980). Those courts have reasoned that the statement notifying the buyer that the contract was, upon acceptance, assigned to FMCC served the purpose of the Act by disclosing the nature of the relationship of the finance company to the transaction. It was unnecessary precisely to characterize FMCC as a "creditor." Contrary to the court below, we agree with those Courts of Appeals that have found the notification of assignment to be a sufficient disclosure of creditor status. As we stated in *Ford Motor Credit Co.* v. *Milhollin, supra:*

> "The concept of 'meaningful disclosure' that animates TILA . . . cannot be applied in the abstract. *Meaningful* disclosure does not mean *more* disclosure. Rather, it describes a balance between 'competing considerations of complete disclosure . . . and the need to avoid . . . [informational overload]." 444 U. S., at 568.

Here, requiring more disclosure would not meaningfully benefit the consumer and consequently would not serve the purposes of the Act.

---

creditors had a continuing business relationship with one another would not entitle either creditor to the status of subsequent assignee. The failure to adopt the amendment says nothing about the liability of one who is an original creditor within the meaning of the Act. A nominal assignee who in fact is the original extender of credit is not a subsequent assignee within the meaning of § 1614.

The decision of the Court of Appeals is accordingly affirmed in part and reversed in part.

*So ordered.*

JUSTICE MARSHALL would grant the petition for writ of certiorari because of the conflict among the Circuits and set the cases for plenary consideration.