Robert E. BROOKS, Plaintiff-Appellee,

v.

MARYVILLE LOAN AND FINANCE COMPANY, d/b/a Legal Finance Company, Defendant-Appellant.

No. 81–7039.

United States Court of Appeals, Eleventh Circuit.

June 28, 1982.

---

Ralph Goldberg, Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellant, Maryville Loan and Finance Company, was authorized by the Georgia Industrial Loan Commission to use the trade name, Legal Finance Company, and to operate only at a particular location, *i.e.*, 80 Pryor Street, S.W., Atlanta, Georgia 30303. Ga.Code § 25–309. Appellant used only that trade name on its disclosure statement, and did not reveal its correct legal name, Maryville Loan and Finance Company. Appellant did not register the trade name in the Clerk's Office of the Fulton County Superior Court as required by Georgia Code § 106–301.[1] The plaintiff below, appellee here, Robert E. Brooks, argued that appellant violated Regulation Z, § 226.8(a) of the Truth-in-Lending Regulations, 12 C.F.R. § 226.8(a), because use of a trade name which was not registered with the Superior Court Clerk did not clearly identify the creditor. Relying solely on that argument, the district court granted summary judgment in favor of Brooks. We reverse and remand.

The only issue which we need address is whether the failure to register a trade name pursuant to Ga.Code § 106–301 renders the use of that trade name on the

David G. Crockett, Atlanta, Ga., for defendant-appellant.

---

1. Ga.Code § 106–301 provides in pertinent part:

   Every person, firm, or partnership, carrying on in this State any trade or business under any trade name, or partnership name, or other name which does not disclose the individual ownership of the trade, business, or profession carried on under such name shall, within 30 days from the approval of this section or thereafter commencing to do business, file in the office of the clerk of the superior court of the county in which said business is chiefly carried on, or in case of a domestic corporation using any name other than its corporate name, in the county of its legal domicile, a registration statement, verified by affidavit, setting forth the name or names and addresses of the person, persons, firm, or partnership owning and carrying on said trade or business and stating the nature of the business being carried on and the trade, partnership, or other name used and shall, upon any change of ownership, likewise file a new and amended statement of registration.

disclosure statement a violation of Regulation Z, § 226.8(a).[2]

Regulation Z, § 226.8(a) provides that "the creditor shall furnish the customer with a duplicate of the instrument or a statement by which the required disclosures are made and on which the creditor is identified." The parties have cited no statutory provisions nor regulations nor Federal Reserve Board interpretations to amplify the meaning of the requirement that the creditor be identified. In *Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 101 S.Ct. 2239, 68 L.Ed.2d 744 (1981), the Supreme Court, in an analogous context, referred to "meaningful disclosure" as the animating concept of the Truth-in-Lending Act. We hold that meaningful disclosure is the guiding principle in the instant context.

We hold that the district court erred in concluding that the mere failure to register the trade name with the Superior Court Clerk was sufficient to demonstrate that the trade name was not a meaningful disclosure of the identity of the creditor. We think a genuine issue of fact remains as to whether the instant disclosure meaningfully identifies the creditor. The summary judgment record before us now reflects that the creditor was identified on the disclosure statement as "Legal Finance Company, 80 Pryor Street, S.W., Atlanta, Georgia 30303," and that the Georgia Industrial Loan Commission had licensed appellant to operate under that trade name at that location. If on remand, facts are developed which demonstrate that appellant operates in the relevant locale only under this trade name,[3] that appellant's trade name, rather than its legal name, is the one actually used, advertised and known in the community, that appellant's operation at the 80 Pryor Street location has continued without interruption during the relevant time period,[4] and that there are no other significant obstacles to a customer in identifying the creditor, then the mere fact of the failure to register the trade name with the Superior Court Clerk would be of little moment. In other words, we adopt a common sense approach, rather than a technical approach, in determining whether there has been a meaningful disclosure of the identity of the creditor.[5]

The district court was concerned that a debtor be given the legal name of the creditor, so that the creditor could be sued should resort to judicial process be necessary. However, a judgment against a creditor in its trade name can be enforced. *McCall v. Kliros*, 45 S.E.2d 72, 76 Ga.App. 89 (1947). Indeed Ga.Code § 106–303[6] ex-

2. Appellant also argues on appeal that Brooks did not establish by affidavit or at a summary judgment hearing that the instant trade name was not in fact registered with the Superior Court Clerk, and thus that there is a genuine issue of fact. Because we reverse on other grounds, we need not address this argument; the parties will be free on remand to clarify the facts in this regard.

3. On the other hand, the meaningfulness of the identity of the creditor would be undermined if appellant operates one office at 80 Pryor Street under the instant trade name, and also operates other offices in the locality under other trade names. In such circumstances, a customer's attempt to compare credit terms, and shop around, might be undermined.

4. If appellant's operation had moved from the stated location, this would be a relevant factor adverse to the customer's access to the creditor.

5. The fact that the Truth-in-Lending Act is to be liberally construed, *Williams v. Public Finance Corp.*, 598 F.2d 349 (5th Cir. 1979), does not mean that this common sense approach is inappropriate.

6. Ga.Code § 106–303 provides:

106–303. Contracts of unregistered persons, firms, or corporations validated.—The effect hereof shall be that no contract or undertaking entered into by any person, firm, or corporation, whether heretofore or hereafter entered into, shall be invalidated or declared illegal on the ground that the same was entered into in a trade or partnership name not filed or registered in accordance with the laws in force at the time such contract or undertaking was entered into; but all such contracts and undertakings are expressly validated as against any such objection; and no suit or action heretofore or hereafter instituted by any such person, firm, partnership, or corporation, whether sounding in contract or tort, shall be defeated because of any such failure to register. However, the party who has failed to register his trade or

pressly provides that a contract entered into in a trade name is valid notwithstanding the failure to register the trade name with the Superior Court Clerk; the only penalty is that the non-registering party will have to bear court costs.

Accordingly,[7] the judgment of the district court is reversed and the case is remanded for further proceedings.

REVERSED AND REMANDED.

partnership name at the time suit is filed, as required by this Chapter, shall be cast with court costs. (Acts 1937, pp. 804, 805.)

7. We acknowledge that our decision today is contra to several unpublished opinions of the District Court for the Northern District of Georgia. *Lawrence v. Franklin Investment Co., Inc.*, 468 F.Supp. 499 (D.D.C.1978), and *Vines v. Hodges*, 422 F.Supp. 1292 (D.D.C. 1976), also tend to support Brooks' position, although these cases are distinguishable in that

they relied in part on an assumption that legal redress could not be had against a trade name. We find the cases relied upon by Brooks, and his argument, to be overly technical and unpersuasive. Our common sense inquiry into the meaningfulness of the disclosed identity is more consonant with recent Supreme Court decisions. *Ford Motor Credit Co. v. Cenance, supra; Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).