United States Court of Appeals,

Fifth Circuit.

No. 91–1426.

Gregorio R. SALINAS, et al., Plaintiffs,

v.

Jimmy RODRIGUEZ, Jr., et al., Defendants.

Gregorio R. SALINAS, Gregorio G. Salinas, and Jesus Chavez, Individually and on Behalf of all others similarly situated, Plaintiffs–Appellants,

v.

GOODPASTURE, INC., PST, et al., Defendants–Appellees.

June 22, 1992.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and WILLIAMS and DUHÉ, Circuit Judges.

PER CURIAM:

This case requires the Court to decide whether, under the Fair Labors Standard Act (FLSA)[1] and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA),[2] worker-days of labor used by one joint employer should be imputed to another joint employer for purposes of imposing liability despite the small-business exemption. We hold that imputation would be contrary to the language of the statute and therefore affirm the judgment for the Defendants. We vacate and remand on the question of attorneys' fees and costs, however.

I.

No facts are disputed before this Court. The Plaintiffs are migrant agricultural workers whom Defendant Jimmy Rodriguez recruited to work as a crew. The other Defendants, all farmers, contacted Mr. Rodriguez to have his crew hoe cotton on their farms. For each job, the farmer and

[1] 29 U.S.C. §§ 201–219.

[2] *Id.* §§ 1801–1872.

Mr. Rodriguez were joint employers. The farmers issued the paychecks but did not pay minimum wage, keep records, or issue pay statements.

The Plaintiffs filed suit under the FLSA and the AWPA. The district judge decided all of the issues except whether each of the farmers satisfied the 500 worker-day exemption for small businesses and small farmers. The jury decided that all of the Defendants, except Mr. Rodriguez and four of the farmers, are exempt. The district court awarded damages to the class Plaintiffs under the AWPA and to the named Plaintiffs under the FLSA, which does not allow for class actions.

The district judge assigned the task of figuring attorneys' fees and costs to a magistrate judge, who greatly reduced Plaintiffs' fees request after performing a careful analysis. The district judge adopted the recommendation of the magistrate as to costs, but he further reduced the award of attorneys' fees. Thus, Plaintiffs' request for $114,000 was reduced by the magistrate to $24,000, and further reduced by the district judge to $1600. The Plaintiffs appeal.

II.

The FLSA does "not apply with respect to ... any employee employed in agriculture ... if such employee is employed by an employer who did not, during any calendar quarter during the preceding calendar year, use more than five hundred man-days of agricultural labor." 29 U.S.C. § 213(a)(6)(A). The AWPA incorporates the same exemption. *Id.* § 1803(a)(2). The parties have agreed that most of the individual farmers by themselves would be exempt under this provision. The Plaintiffs, however, argue that because each farmer was a joint employer with Mr. Rodriguez, and because Mr. Rodriguez is not exempt under this provision, the farmer must be liable as well. The district court disagreed. We review the decision of the district court de novo because it involves an issue of statutory construction, which is a question of law. *E.g., Brock v. Mr. W. Fireworks, Inc.,* 814 F.2d 1042, 1044–45 (5th Cir.), *cert. denied,* 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987).

The Plaintiffs rely heavily on the interpretive bulletins promulgated by the Department of Labor. One interpretive bulletin provides:

> A farmer whose crops are harvested by an independent contractor is considered to be a joint employer with the contractor who supplies the harvest hands if the farmer has the power to direct, control or supervise the work, or to determine the pay rates or method of payment for the harvest hands. Each employer must include the contractor's employees in his man-day count in determining whether his own man-day test is met. Each employer will be considered responsible for compliance with the minimum wage ... requirements of the Act with respect to the employees who are jointly employed.

29 C.F.R. § 780.305(c) (1991) (citation omitted). Another interpretive bulletin states that

> all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act [*sic* ].

*Id.* § 791.2(a).

In general, courts must give considerable respect to "regulations promulgated by the governmental body responsible for interpreting or administering" the statute in question. *E.g., Ford Motor Credit Co. v. Cenance,* 452 U.S. 155, 158 n. 3, 101 S.Ct. 2239, 2241 n. 3, 68 L.Ed.2d 744 (1981). While regulations carry the force of law, "[b]ulletins and interpretive rules of agency administrator while persuasive, are not controlling. We must resolve any conflict ... to give effect to the regulation" and statute. *Medellin v. Bustos,* 854 F.2d 795, 799 (5th Cir.1988). When the regulations are contrary to the wording of the statute itself, however, this Court must follow the plain statutory language and not the regulations. *Id.; Bureau of Alcohol, Tobacco & Firearms v. Federal Labor Relations Auth.,* 464 U.S. 89, 97–98, 104 S.Ct. 439, 445, 78 L.Ed.2d 195 (1983). Perforce interpretive bulletins have no force of law and cannot provide the basis for a result contrary to either statute or regulation.[3] In this case, we conclude that the interpretive bulletins, when fully construed,

---

[3]The Department of Labor usually provides an introductory section to each interpretive bulletin which expresses the purpose of the particular interpretive bulletin. *E.g.* 29 C.F.R. § 791.1 provides in part that "[t]hese interpretations contain the construction of the law which the administrator believes to be correct and which will guide him ... unless and until he is otherwise

are consistent with both the regulations and the statutes, and do not support the Plaintiffs' position on appeal.

The language of the statute keys coverage under the FLSA and AWPA to an employee in relation to an employer. *Wirtz v. Hebert,* 368 F.2d 139 (5th Cir.1966). As the statute is worded, an employee is covered in relation to employment by an employer who is not exempt. The employee is not covered in relation to employment by an employer who is exempt. Thus, Plaintiffs are covered by the Acts insofar as their employment by Mr. Rodriguez is concerned, whether Mr. Rodriguez is an independent contractor or not. 29 C.F.R. § 780.331(d).

One FLSA interpretive bulletin provides that "an employer should not be held responsible for an employee's action in seeking, independently, additional part-time employment. But, where two or more employers stand in the position of "joint employers' and *permit or require* the employee to work more than the number of hours specified section 7(a), both the letter and the spirit of the statute require payment of overtime." 29 C.F.R. § 791.2, n. 5. [emphasis ours]. *E.g., see Wirtz.* The small farmers herein neither permitted nor required Rodriguez's agricultural workers to seek additional employment. In fact, they would have been powerless to stop the workers from so doing. Thus, Plaintiffs cannot recover from individual farmers.

Another interpretive bulletin which addresses the effect of joint employment provides in relevant part that "[i]n a joint employment situation, the man-days of agricultural labor rendered are counted toward the man-days of such labor of each employer." 29 C.F.R. § 780.331(d). The section also provides that "employees are considered jointly employed by [the labor crew leader] and the farmer who is using their labor." *Id.* The clear import of the words "rendered" and "using their

directed by authoritative decisions of the courts...." *Accord* 29 C.F.R. §§ 780.0, 780.5–780.9.

labor" is that the man-days imputable to the farmer are only those for which he is the employer.[4] When the farmer is no longer "using [the agricultural worker's] labor," the farmer is not their joint employer.

The result is a harmonious interpretation of the statutes, the regulations, and the interpretive bulletins. "These exemptions, because of their relationship to one another, should be construed together insofar as possible for form a consistent whole." 29 C.F.R. § 780.9. Only those man-days which an agricultural worker expends for a particular farmer are counted towards the farmer's man-day exemption. If, after completing work for the farmer, the agricultural worker seeks other work independent of that farmer, the additional man-days are not imputable to the first farmer. All of the additional man-days, however, are imputable to the labor contractor. In this manner, the agricultural workers are protected under the Acts, the small farmers are protected through the exemption, and the labor contractor will invariably exceed the five-hundred man days exemption and be responsible to the agricultural workers under the Acts. Furthermore, this is consistent with the theme that flows through the interpretive bulletins that a person may perform exempt and non-exempt work in the same work period. 29 C.F.R. §§ 780.11–780.12.

The policy enacted by the statutes is furthered by our holding. The statutes exempt small businesses. Were we to adopt the Plaintiffs' argument, a small farming operation would instantaneously become liable under federal statutes, and the complicated regulatory regimes created thereunder, after hiring Mr. Rodriguez's crew to work for a morning. The statute does not require such a result.

---

[4]This conclusion accords with the result reached if the rationale of footnote 5 of section 791.2 is applied to section 780.305. It is similar to the logic employed in 29 C.F.R. § 780.332(c) which describes the allocation of man-days in the instance of neighboring farmers sharing labor hands: "Since the Act defines man-day to mean any day during which an employee performs any agricultural labor for not less than one hour there may be days on which these employees work for both Farmer A and Farmer B for a man-day." The clear implication of this explanation is that there must also be the possibility of days in which the laborer works a man-day for Farmer A *or* Farmer B, but not both.

## III.

The Plaintiffs also complain that the district court should have conducted an investigation, or permitted Plaintiffs to conduct an investigation, into alleged juror misconduct. After the trial one juror telephoned one of the Plaintiffs' attorneys and informed him that another juror, Anne Solomann, told the jury that she was the best friend of the daughter of Mr. Rodriguez's attorney and that Ms. Solomann knew of depositions in the case. By local rules, attorneys are not allowed to contact jurors,[5] and counsel moved to interview the jury. The court declined to conduct an interview or to allow counsel to do so. We review this decision only for an abuse of discretion. *United States v. Sedigh,* 658 F.2d 1010, 1014 (5th Cir. Unit A 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 462 (1982).

On voir dire Ms. Solomann revealed in open court, "I do business with all the women in [the Defendant's attorney's] family, and his daughter is one of my best friends." 15 R. 12. The district judge pursued the matter, and he satisfied himself that she could serve as "a fair and impartial juror" and that she could "base [her] decision solely upon the evidence presented in the case and nothing else." *Id.* The lawyers for the Plaintiffs were present when Ms. Solomann disclosed her friendship and business dealings, and Plaintiffs' counsel had the opportunity to pursue the issue on voir dire, but they did not.

The duty of the trial court, when jury misconduct is alleged after the trial, "must be judged on the peculiar facts and circumstances of each case." *Sedigh,* 658 F.2d at 1014. Given the record of voir dire in this case, we cannot find that the district court abused its discretion in refusing to investigate when counsel has raised no graver allegation than the one here.

## IV.

The Plaintiffs also challenge the district judge's reduction of their attorneys' fees recovery.

---

[5]N.D.Tex.R. 8.2(e).

The district judge gave no reasons for reducing the award below the amount recommended by the magistrate. Although this Court reviews the district court's award of attorneys' fees only for an abuse of discretion,[6] we cannot determine whether the district court abused its discretion if it does not give reasons for its decision. *McGowan v. King, Inc.,* 616 F.2d 745, 746 (5th Cir.1980). We therefore vacate the award of attorneys' fees and remand to the district court for reconsideration and a statement of reasons.

On remand, the district court should also reconsider its decision not to allow Plaintiffs to recover for the fees of their expert witness. The court relied on 28 U.S.C. § 1920(6), which provides only for compensation of court-appointed experts. We vacate that decision for reconsideration in light of 28 U.S.C. § 1920(3) and the Supreme Court decision in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) (allowing a party to recover up to the statutory maximum for its own expert witness fees). The maximum amount recoverable for witness fees is set by 28 U.S.C. § 1821.

V.

For the foregoing reasons, the judgment of the district court is AFFIRMED. The award of attorneys' fees and costs is VACATED and REMANDED.

---

[6]*Associated Builders & Contractors v. Orleans Parish Sch. Bd.,* 919 F.2d 374, 379 (5th Cir.1990).