George Emerson BURNETT,
Plaintiff–Appellee,

v.

ALA MOANA PAWN SHOP,
Defendant–Appellant.

No. 91–16819.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 1993.

Decided Aug. 31, 1993.

Stephen T. Hioki, Honolulu, HI, for defendant-appellant.

John Harris Paer, Marcus R. Oshiro, Charles H. Hite, Legal Aid Soc. of Hawaii, Honolulu, HI, for plaintiff-appellee.

Before: FAIRCHILD,* BEEZER and WIGGINS, Circuit Judges.

* Hon. Thomas E. Fairchild, Senior Circuit Judge for the United States Court of Appeals for the   Seventh Circuit, sitting by designation.

BEEZER, Circuit Judge:

Ala Moana Pawn Shop appeals the district court's judgment that, in dealing with George Burnett, Pawn Shop violated Hawaii law prohibiting deceptive trade practices and the federal Truth in Lending Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment. We remand for determination of an appropriate award for Burnett's attorney fees on appeal.

## I

Pawn Shop advertised that it made loans. In late 1989, Burnett needed cash and accepted $550 from Pawn Shop for his camera, which had a fair market value of $1,000. By paying $660 within 30 days, Burnett could have reacquired the camera. Burnett entered into a similar arrangement regarding his ring. He accepted $140 for the ring, which he eventually reacquired for $300. Burnett presented uncontradicted evidence that the ring's wholesale value was $560.

The slip documenting each transaction was denominated as an "agreement of sale." The slips set forth an option to "repurchase" within 30 days at 120 percent of the original "sale" price. The slips did not specify interest rates or other financing terms.

Pawn Shop's practice was to extend the deadline by 30 days upon receipt of a 20 percent "service fee." More than 75 percent of Pawn Shop's transactions resulted in eventual "repurchases."

## II

■ Pawn Shop argues the lack of ambiguity in the sales slips precludes the use of parol evidence to recharacterize the agreements as loans. The district court's conclusion that the slips are ambiguous is reviewed *de novo*. *Aetna Casualty & Sur. Co. v. Pintlar Corp.*, 948 F.2d 1507, 1511 (9th Cir. 1991).

The slips are ambiguous. They purport to document agreements to "sell and transfer" personal property and provide that Pawn Shop has the right "to have and to hold [the property] forever." The slips also provide, however, that property not "repurchased by the due date" becomes Pawn Shop's "sole property." These provisions are inconsistent, and the district court properly considered parol evidence in ascertaining the parties' intent. *Hing Bo Gum v. Nakamura*, 57 Haw. 39, 549 P.2d 471, 474 (1976). Because the Truth in Lending Act is liberally construed to protect consumers, the lack of this sort of ambiguity would not have prevented the court from looking past the form of the transactions to their economic substance in deciding whether the Act applied. *See Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 157–58, 101 S.Ct. 2239, 2240–41, 68 L.Ed.2d 744 (1981).

## III

■ The record supports the district court's finding that the transactions were loans. The negotiations on the amount of money advanced concerned Burnett's need for cash rather than the fair market value of his property. The amount accepted was far less than the property's fair market value, providing a strong incentive for Burnett to "repurchase" the property. These factors "unmistakably mark[ ]" the transactions as loans secured by the property, regardless of whether Burnett was personally liable for the debt. 12 C.F.R. § 226.2(a)(25); *Kawauchi v. Tabata*, 49 Haw. 160, 255, 413 P.2d 221, 231 (1966). The difference between the amount advanced and the repurchase price constituted a "finance charge." 15 U.S.C. § 1605(a). Pawn Shop violated the Truth in Lending Act by failing to disclose financing terms. 15 U.S.C. §§ 1602(f), 1631(a).

## IV

■ The district court properly found Pawn Shop engaged in deceptive trade practices under Hawaii law. Pawn Shop created the prohibited "likelihood of confusion" by soliciting borrowers while disguising loans as sales. Haw.Rev.Stat. §§ 480–2(a), 481A–3(a)(12); *Kukui Nuts of Hawaii v. R. Baird & Co.*, 7 Haw.App. 598, 789 P.2d 501, 511, *cert. denied*, 71 Haw. 668, 833 P.2d 900 (1990).

## V

■ Burnett, who is represented by the Legal Aid Society of Hawaii, seeks attorney fees for successfully defending the district court's judgment. 15 U.S.C. § 1640(a)(3). On remand, the district court shall determine the proper amount and recipient of the award. If Burnett is a paying client of the Society, the award goes to him. *Id.* If the Society has not charged Burnett, it receives the award. *Kessler v. Associates Fin. Servs. Co.,* 639 F.2d 498, 499 (9th Cir.1981).

AFFIRMED and REMANDED.