106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Ruth L. REDE, Debtor.
Ruth L. REDE, Plaintiff-Appellant,
v.
GREAT AMERICAN FIRST SAVINGS BANK; Jonathan Rede & Mary L.
Rede; United States Trustee; GFG Mortgage
Services, fka: RNG Mortgage Service;
Tiempo Escrow, II, Defendants-Appellees.
 No. 95-55616.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Jan. 15, 1997.
 
 Before: BRUNETTI, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. There are two issues presented in this appeal: (1) whether a mortgage loan broker has a duty to warn a borrower that default may result in a loss of collateral, and (2) whether the Truth-in-Lending Act's statute of limitations applies to non-creditors.
 
 
 3
 We review the district court's decision on an appeal from a bankruptcy court de novo, applying the same standard of review to the bankruptcy court's findings as does the district court. In re Lazar, 83 F.3d 306, 308 (9th Cir.1996). We review findings of fact under the clearly erroneous standard and conclusions of law de novo. Id. After a thorough examination of the record and the briefs, we affirm in part and remand in part.
 
 Fiduciary Duty of Mortgage Loan Brokers
 
 4
 The California Supreme Court has held that mortgage loan brokers have an obligation to borrowers to make a "full and accurate disclosure of the terms of a loan" and to communicate "all material facts concerning the transaction that might affect the principal's decision." Wyatt v. Union Mortgage Co., 24 Cal.3d 773, 782 (1979). Rede claims that RNG Mortgage Service (RNG) had the additional duty of orally warning Rede that she risked losing her home if the loan went into default. The California Supreme Court has not imposed this additional duty, and we decline to do so. Rede does not contend that RNG's loan documents concealed material facts, nor does she contend that RNG inaccurately communicated the terms of the loan. The record reflects that Rede came to RNG seeking to use her house as collateral for a loan. RNG discussed the value of the house and the methods used to arrive at that value. We find no error in the bankruptcy court's conclusion that RNG did not breach any duty it owed to Rede.
 
 
 5
 Truth-in-Lending Act's Statute of Limitations
 
 
 6
 The bankruptcy court found that Rede's claim against Tiempo Escrow II ("Tiempo") was time-barred under the statute of limitations provisions in the Truth-in-Lending Act (TILA). 15 U.S.C. § 1635(a) & (f); 12 C.F.R. § 226.23(a)(3). However, the TILA statute of limitations applies only to creditors. Tiempo is an escrow agent, not a creditor. 15 U.S.C. § 1602(f) defines "creditor" as referring "only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit ... and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable...." See also Ford Motor Credit Co. v. Cenance, 452 U.S. 155, 157-58 (1981). Thus the TILA statute of limitations does not bar Rede's claim against Tiempo.
 
 
 7
 Rede claims Tiempo committed the tort of negligent misrepresentation. Because the bankruptcy court found that Rede had no knowledge of the facts underlying Tiempo's alleged breach of duty prior to initiating the lawsuit, Rede's negligent misrepresentation claim is not time-barred under the discovery doctrine. Cal.Code Civ.Proc. § 338. The district court should remand this issue to the bankruptcy court for further proceedings. By this decision, we are not foreclosing the bankruptcy court from determining from the record whether Tiempo committed the tort of negligent misrepresentation and amending its Findings of Fact and Conclusions of Law accordingly.
 
 
 8
 For the above reasons, this case is AFFIRMED in part and REMANDED in part. Each party shall bear its own costs.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3