Stefanie **RIVIERE**, et al., Plaintiffs,

Stefanie Riviere; Thomas Sturdevant,
Plaintiffs–Appellants,

v.

**BANNER CHEVROLET, INC.,**
et al., Defendants,

Banner Chevrolet, Inc., Defendant–
Appellee.

No. 97–31226
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 4, 1998.

Michael Brent Hicks, Wayne M. Babovich, Babovich & Spedale, Metairie, LA, for Plaintiffs–Appellants.

Duris Lee Holmes, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Defendant–Appellee.

Before DAVIS, DUHÉ and PARKER,
Circuit Judges.

PER CURIAM:

In this appeal, Plaintiffs, Stefanie Riviere and Thomas Sturdevant, argue that the district court erred in determining that Defendant, Banner Chevrolet, Inc., was not a "creditor" under the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (TILA). We affirm.

The TILA allows claims against creditors. *See* 15 U.S.C. § 1640(a). Until 1982, 15 U.S.C. § 1602(f) defined "creditor" as including "credit arrangers." In 1982, Congress amended the statute, eliminating credit arranger liability. *See* 15 U.S.C. § 1602(f). The district court found that Banner was not a creditor under the current version of TILA:

> Banner does not meet the first condition that the individual or business must offer or extend credit. Although Banner has a credit department, it investigates credit histories, and it prepares forms; ultimately, Banner assigns the loan to GMAC, FMC, or another entity. It is that entity who "lends" the money to the consumer to enable him to purchase a vehicle. If a vehicle buyer defaulted on monthly payments, Banner would have no right to repossess the vehicle, or to sue for the balance unpaid. That right would belong to the lienholder or the extender of credit,

here GMAC, the sole lender/creditor in the transaction.

The district court's holding is a correct application of the principles set out in the Supreme Court's decision in *Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 101 S.Ct. 2239, 68 L.Ed.2d 744 (1981). In *Cenance*, like this case, Ford Motor Credit gave auto dealers purchase forms, the dealer and buyer executed the form after Ford approved the buyers' creditworthiness, and the dealers simultaneously assigned the contract to Ford. The Supreme Court found that the dealers were arrangers of credit and that Ford was the extender of credit. *See id.*, 452 U.S. at 157–58. In this case, similarly, Banner Chevrolet is simply a credit arranger and is therefore not a creditor as defined in the controlling 1982 version of TILA.

Finding no error, we AFFIRM the judgment of the district court.

AFFIRMED.