Alan R. ABBEY, Plaintiff-Appellant,

v.

COLUMBUS DODGE, INC. and the
National Bank & Trust Company of
Columbus, Defendants-Appellees.

No. 77–2836.

United States Court of Appeals,
Fifth Circuit.

Nov. 19, 1979.

Ron S. Iddins, Columbus, Ga., for plaintiff-appellant.

Charles C. Carter, Columbus, Ga., for defendants-appellees.

Before TUTTLE, GOLDBERG and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal by Alan Abbey from a summary judgment dismissing his action in a Truth-in-Lending Act and Motor Vehicle Information and Cost Savings Act case.

In February 1977, Abbey bought a used 1976 Dodge from the defendant on a retail installment sales contract. Although it was not required as part of the contract, Abbey signed a space on the contract to buy credit life insurance.

Abbey complains first that the cost of credit life insurance premiums are not on the separate disclosure portion of the contract relating to insurance coverage. Second, he charges that the $37.50 listed as "filing fees" should have been included in the finance charge. Third, he says that $11.00 should not have been charged as a license tag charge, when the $11.00 was not paid for that. He also alleges a state claim that the defendant acted fraudulently because the signature purporting to be his on the certificate of insurance is a forgery and a federal claim that the mileage disclosure statement is predated.

Of the $11.00, $1.00 went to the state of Georgia and $10.00 was refunded a week later to Abbey. As to the filing fees of $37.50, Columbus Dodge kept $20.00 and the National Bank kept $17.50.

Through affidavits, it appears that a new employee on the job filled out Abbey's contract and was not familiar with the normal procedures for doing so and thus made some errors.

While discovery was still going on, Columbus filed a motion for summary judgment. No opposing affidavits or motions

were filed by Abbey, although he did file an opposing motion for summary judgment. On the same day that Abbey's motion was filed the court entered judgment for Columbus.

The appellant argues that even though there were no disputed issues of fact, the court could grant the defendant's motion for summary judgment only if the pleadings and affidavits entitled it to recover. This, of course, is the law. *Dawkins v. Green,* 412 F.2d 644 (5th Cir. 1969); *St. John v. New Amsterdam Casualty Co.,* 357 F.2d 327 (5th Cir. 1966).

The appellant argues that it is a requirement of Regulation Z, 12 C.F.R. § 226.9(a) pertaining to the Truth-in-Lending Act, 15 U.S.C.A. 1605, that any premium for credit life insurance which is not to be included in the finance charge be separately disclosed. Columbus Dodge had a space on the contract for the purchaser to sign a specific request for this insurance coverage. As a part of this section of the front page of the contract, there is a statement "cost . . of all such insurance on the amount of unpaid indebtedness outstanding from time to time is $_____." This language is then followed by the words "we desire credit life insurance. <u>Signature Alan R. Abbey.</u>" The cost figure was not filled in. However, to the right of the language quoted above is a box called "itemized sales statement." Under the heading of "charges" there is an item called "credit life insurance" with a blank space which is filled in with the figures "$140.82."

■ We decline to accept the appellant's argument that the failure to put this figure on the left side of the contract, when it appears on the right side is a failure to comply with Regulation Z, § 226.4(a)(5)(ii) to the effect that any premium for credit life insurance which is not to be included in the finance charge is to be disclosed by the debtor by "separately signed, affirmative written indication" of the election to receive such coverage and "after receiving written disclosure to him of the cost of such insurance." *Cf. English v. MCC Finance Services, Inc.,* 403 F.Supp. 679; *aff'd* 520 F.2d 941 (5th Cir. 1975).

■ However, appellant's contention as to the $37.50 charge as "filing fees" meets a better fate. Columbus Dodge charged $37.50 as an itemized charge for "filing fees." Regulation Z, § 226.4(b) listed four classes of charges which may be individually excluded from the finance charge if properly disclosed, to wit: fees and charges paid to public officials, insurance premiums which are properly disclosed, taxes, and fees imposed by law. In response to interrogatories, Columbus Dodge admitted that it retained $20.00 of the $37.50 and sent $17.50 to the National Bank. Since such a charge does not fall within any of the four categories of itemized charges which are excludable from the finance charge, the failure to include the $37.50 in the finance charge was a Truth-in-Lending violation. In fact, the appellee did not even respond to this contention in its brief on appeal.

We do not consider the other contentions of the appellant, since it is apparent from this one distinct violation that the trial court should have entered summary judgment in favor of the plaintiff under the terms of the statute.

With respect to the other claims, we conclude that the trial court properly disposed of those in favor of the defendant, the appellee here, since no intent to defraud was shown with respect to the signature of the plaintiff placed on one of the documents by some other person and with respect to the matter of the odometer reading a day or two before the signing of the contract.

The judgment is REVERSED and the case is REMANDED to the trial court for the entry of judgment in favor of the plaintiff in accordance with the requirements of the statute.

REVERSED AND REMANDED.