Lucille JACKSON, Plaintiff-Appellant,

v.

COLUMBUS DODGE, INC. and the National Bank and Trust Company of Columbus, Defendants-Appellees.

No. 79–3052.

United States Court of Appeals,
Fifth Circuit.*
Unit B

May 17, 1982.

Ronald S. Iddins, Columbus, Ga., for plaintiff-appellant.

Araguel, Sanders & Carter, Charles C. Carter, Columbus, Ga., for Columbus Dodge.

Hatcher, Stubbs, Land, Hollis & Rothschild, J. Barrington Vaught, Columbus, Ga., for Nat. Bank and Trust Co.

Before JONES, FAY and HENDERSON, Circuit Judges.

JONES, Circuit Judge:

On October 29, 1976, the appellant, Lucille Jackson, purchased a new 1977 Dodge automobile from Columbus Dodge, Inc. A part of the purchase price was represented by an installment sales contract. The transaction was financed by The National Bank and Trust Company of Columbus. The sales contract was assigned to it. On July 27, 1977, the appellant commenced an action against Columbus Dodge and the bank. In her complaint it was alleged that the sales contract contained two violations of the Truth-in-Lending Act, 15 U.S.C.A. § 1601 et seq. She claimed the Act was violated by charges to her of a $10 license tag fee and a $37.50 documentary fee. The appellant contended that Columbus Dodge failed to furnish her with a license tag and misapplied funds withheld from her. By an amendment to her complaint, it was alleged that she was improperly charged with fees for the assignment of the contract by Co-

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

lumbus Dodge to the bank. It was also asserted that Columbus Dodge failed to complete an "Odometer (mileage) Certification" form and thus violated the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq.

■ The trial court set a pretrial conference for February 23, 1979. The day before the pretrial conference, twenty-eight months after purchasing the car and nineteen months after filing her complaint, Jackson moved for leave to amend to add another truth-in-lending count based on the holding of *Elzea v. National Bank of Georgia*, 570 F.2d 1248 (5th Cir. 1978). The trial court denied leave to amend finding that the alleged claim would otherwise be barred by the one year statute of limitations,[1] and that "there has been undue delay in tendering the proposed amendment and that its allowance would unduly prejudice the defendants." The appellant asserts that the denial of her motion for leave to amend was error. We are convinced that in the circumstances of this case there was no abuse of discretion. See, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

The appellant also challenges the conclusions of the district court that there were no truth-in-lending or odometer disclosure violations and the entry of summary judgment in favor of Columbus Dodge and NB&T.

■ A creditor can only be liable for a single recovery even though there are multiple truth-in-lending violations. 15 U.S.C. § 1640(g); see, *Turner v. Firestone Tire & Rubber Co.*, 537 F.2d 1296 (5th Cir. 1976). The appellant is entitled to recover on the documentary fee issue. *Abbey v. Columbus Dodge, Inc.*, 607 F.2d 85 (5th Cir. 1979). It

is unnecessary to consider whether the failure to furnish a license tag constituted a truth-in-lending violation.

*Abbey* involved the same defendants as here. They divided the same fees and charges in the same manner. There, as here, Columbus Dodge admitted that it had remitted $17.50 of the $37.50 to the bank. We follow *Abbey* and reverse the summary judgment and direct that summary judgment on this issue be entered for the appellant.

The presence of truth-in-lending liability requires that we remand for resolution by the district court the issue of whether that liability extends to the bank as a creditor or whether the bank escapes liability as a subsequent assignee without notice. 15 U.S.C. § 1614. See, *Cenance v. Bohn Ford, Inc.*, 621 F.2d 130 (5th Cir. 1980), affirmed in part and reversed in part, 452 U.S. 155, 101 S.Ct. 2239, 68 L.Ed.2d 744 (1981); *Price v. Franklin Inv. Co., Inc.*, 574 F.2d 594 (D.C. Cir.1978); *Meyers v. Clearview Dodge*, 539 F.2d· 511 (5th Cir. 1976), cert. denied, 431 U.S. 929, 97 S.Ct. 2633, 53 L.Ed.2d 245 (1977).

■ In considering the mileage disclosure claim we note that the then applicable version of 49 C.F.R. § 580.4 required Columbus Dodge to furnish various particulars.[2] The certificate supplied by Columbus Dodge was partially completed and revealed only the make, year and model number of the car and its actual number of miles. The appellant's claim in essence, is, that by failing to furnish all of the required information Columbus Dodge violated the Motor Vehicle Information and Cost Savings Act. The appellant made no allegations that the odometer had been tampered with or that Columbus Dodge had made any misrepresentations.

---

1. 15 U.S.C.A. § 1640(e).

2. 49 C.F.R. § 580.4(a) (1976) provided:
   (a) Before executing any transfer of ownership document, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor, containing the following information:
      (1) The odometer reading at the time of transfer; and, unless provided elsewhere

on a transfer document integral with the odometer disclosure;
(2) The date of the transfer;
(3) The transferor's name and current address; and .
(4) The identity of the vehicle, including its make, model, and body type. Its vehicle identification number, and its last plate number.

The regulation, 49 C.F.R. § 580.4, as then in force, allowed the required information to be presented "elsewhere on a transfer document integral with the odometer disclosure." The uncontradicted affidavit of the president of Columbus Dodge asserts that the sales contract (which provided all the missing information) and the odometer mileage certificate were simultaneously delivered to the appellant. The summary judgment on this issue in favor of Columbus Dodge is affirmed.

AFFIRMED in part; REVERSED and REMANDED in part.