T.C. Memo. 2007-289

UNITED STATES TAX COURT

CURR-SPEC PARTNERS, LP, CURR-SPEC MANAGERS, LLC,
TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 1350-05.                    Filed September 24, 2007.

<u>J. Winston Krause</u>, for petitioner.

<u>Donna F. Herbert</u> and <u>Jonathon H. Sloat</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  The instant matter is a so-called Son-of-Boss

case[1] and is before the Court on the following motions:

_____

[*] The Court issued an opinion in this case, T.C. Memo. 2006-266, on Dec. 14, 2006, which was withdrawn by order dated Jan. 3, 2007.

[1] See <u>Kligfeld Holdings v. Commissioner</u>, 128 T.C. 192 (2007); see also <u>G-5 Inv. Pship. v. Commissioner</u>, 128 T.C. 186 (2007).

(1) Petitioner's motion to dismiss for lack of jurisdiction and to strike; (2) petitioner's motion for summary judgment; (3) respondent's motion for summary judgment; and (4) petitioner's motion for leave to file a second amended petition. For the reasons stated below, we shall grant petitioner's motion for leave to file a second amended petition and deny the remaining motions. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

## Background

Curr-Spec Partners, L.P. (the partnership), filed a Form 1065, U.S. Partnership Return of Income, for the taxable year 1999 on or about October 11, 2000. The partnership reported $6,239,938 of capital contributions, a net loss of $2,343, and distributions to partners of $6,237,595.

On October 13, 2004, respondent issued Curr-Spec Managers, L.L.C., Tax Matters Partner (petitioner), a notice of final partnership administrative adjustment (FPAA) for the taxable year 1999. Respondent determined, among other things: (1) The partnership was a sham; (2) as a result, all transactions engaged in by the partnership would be treated as engaged in directly by the partners; (3) all income, deductions, gains, and losses reported by the partnership would be disallowed; and (4) the partners would be treated as having no bases in their respective

partnership interests.  Petitioner filed a timely petition for review of respondent's determination.[2]

1.  <u>Petitioner's Motion To Dismiss for Lack of Jurisdiction and To Strike and Petitioner's Motion for Summary Judgment</u>

Petitioner filed a motion to dismiss for lack of jurisdiction and to strike.  The motion states that, because the FPAA was issued more than 3 years after the partnership filed its 1999 return, the period of limitations for assessing tax attributable to partnership items has expired.  Petitioner asks the Court to strike the portion of respondent's answer that addresses matters outside the Court's jurisdiction.  Petitioner also filed a motion for summary judgment that advances similar arguments.

Respondent concedes that the FPAA was issued more than 3 years after the partnership filed its 1999 return.  Respondent contends, however, that at least three partners claimed a net operating loss (NOL) carryforward of a 1999 partnership item in 2000 and 2001.  Respondent wishes to disallow the claimed NOL carryforwards if the adjustments in the FPAA are upheld.  Respondent contends that the FPAA was issued less than 3 years after the partners filed their respective 2000 and 2001 tax

---

[2] Petitioner filed a petition in January 2005 and an amended petition in September 2005.  For convenience, we refer to these collectively as the petition.

returns and, therefore, the assessment period for those years has not expired.

2. Respondent's Motion for Summary Judgment and Petitioner's Motion for Leave To File A Second Amended Petition

The FPAA makes a number of adjustments to the 1999 partnership return. Although the petition asserts that the FPAA was untimely, it does not assign error to the determination that the partnership was a sham or to the other adjustments discussed above. Respondent filed a motion for summary judgment, asserting that any issues not raised in the petition are deemed conceded under Rule 34(b)(4).

After respondent had filed the motion for summary judgment, petitioner filed a motion for leave to file a second amended petition. The motion states that "Petitioner wishes to amend its petition to more particularly comply with [Rule] 34(b)(4) by alleging further factual basis for respondent's various errors as contained in * * * [the FPAA]." The proposed second amended petition assigns error to each adjustment in the FPAA.

Discussion

I. Whether the Assessment Period Has Expired

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b);

Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

The instant case is a partnership-level proceeding subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401, 96 Stat. 648. The Internal Revenue Code prescribes no period during which TEFRA partnership-level proceedings, which begin with the mailing of an FPAA, must be commenced. Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, 114 T.C. 533, 534 (2000). If partnership-level proceedings are commenced after the time for assessing tax against the partners has expired, however, the proceedings will be of no avail because the expiration of the period for assessing tax against the partners will bar any assessments attributable to the partnership items. Id. at 534-535.

In general, section 6501(a) provides that the amount of any tax imposed shall be assessed within 3 years after the return was filed. The term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss,

deduction, or credit).  Id.  Section 6229(a) provides, however, that the period for assessing tax attributable to partnership items for a partnership taxable year shall not expire before the date which is 3 years after the later of (1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year.

In Rhone-Poulenc Surfactants & Specialties, L.P. v. Commissioner, supra, we addressed the interaction of sections 6229 and 6501.  We rejected the taxpayer's argument that section 6229 provides an assessment period that is independent of the period described in section 6501.  We held that sections 6229 and 6501 provide alternative periods within which to assess tax with respect to partnership items, with the later-expiring period governing in a particular case.  Id. at 540-541.  We also held that the issuance of an FPAA suspends the period to assess tax under section 6501.  Id. at 552-553.  We followed this holding in Andantech L.L.C. v. Commissioner, T.C. Memo. 2002-97, affd. in relevant part and remanded in part 331 F.3d 972 (D.C. Cir. 2003).

The instant case presents a slightly different issue from Rhone-Poulenc and Andantech, however, because respondent issued the FPAA for the taxable year 1999 while conceding that the assessment period for that year had expired.  Respondent instead seeks to assess tax for the taxable years 2000 and 2001 that is attributable to a 1999 partnership item.  We recently addressed a

similar situation and held that a 1999 FPAA was timely even though the assessment period for that year had expired.  See Kligfeld Holdings v. Commissioner, 128 T.C. 192 (2007); see also G-5 Inv. Pship. v. Commissioner, 128 T.C. 186 (2007).  Petitioner does not dispute that the FPAA was issued within 3 years of the time the partners filed their respective 2000 and 2001 tax returns.  Accordingly, under the holding of Kligfeld Holdings and similar cases, the assessment period has not expired and remains suspended.

We note, however, that none of the above-cited cases was appealable to the Court of Appeals for the Fifth Circuit.[3]  Under the Golsen rule, we follow the law of the Court of Appeals to which a case is appealable.  Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).  We therefore consider whether we must reach a contrary result under Fifth Circuit law.

In Weiner v. United States, 389 F.3d 152 (5th Cir. 2004), the taxpayers appealed from decisions entered against them in refund suits.  The taxpayers earlier had been parties to partnership-level proceedings in the Tax Court.  Pursuant to settlements of their claims to flow-through deductions from the partnerships involved in those proceedings, the Commissioner

---

[3] The parties agree that the instant case is appealable to the Court of Appeals for the Fifth Circuit.

assessed tax and interest against them. The taxpayers then commenced the refund suits in District Court, contending that the assessments were barred by the statute of limitations. Id. at 153-154.

The Court of Appeals held that the District Courts lacked jurisdiction to decide the statute of limitations issue because it was a partnership item. Id. at 157. Under TEFRA, the treatment of all partnership items must be determined at the partnership level. Sec. 6221. Accordingly, the District Courts could not decide the statute of limitations issue in a partner-level proceeding. Weiner v. United States, supra at 157. In reaching its conclusion, the Court of Appeals stated that the Commissioner has "three years from the later of (1) the date a partnership return is due, or (2) the date the partnership return is filed, to issue an FPAA." Id. at 154-155 (citing section 6229(a)).

On its face, Weiner might suggest that the Court of Appeals for the Fifth Circuit views the assessment period under section 6229 as independent of the period provided in section 6501. The Court of Appeals in Weiner, however, did not mention section 6501 or discuss any of the cases which hold that sections 6229 and 6501 establish alternative assessment periods. Furthermore, because the Court of Appeals concluded that the statute of limitations issue was a partnership item, the result would have

been the same regardless of whether the assessment period was
controlled by section 6229 or 6501.  See id. at 155 ("The more
precise question in this case * * * is whether the taxpayers'
refund requests are attributable to any partnership item such
that the district court would be deprived of jurisdiction.").
The U.S. Court of Federal Claims would also distinguish Weiner
from the facts of the instant case.  In Grapevine Imports, Ltd.
v. United States, 71 Fed. Cl. 324 (2006), the court concluded
that the above-quoted language from Weiner as to the date of
expiration of the assessment period was dictum and that the Court
of Appeals was "not focused on the issue involving the interplay
between sections 6229(a) and 6501."  Id. at 330.

We conclude that the period for assessing tax against the
partners has not expired.  Neither Weiner nor any of the other
cases cited by petitioner dictate a contrary result.
Accordingly, we shall deny petitioner's motion to dismiss for
lack of jurisdiction and to strike and petitioner's motion for
summary judgment.[4]

_____

[4] Petitioner also argues at length that we cannot consider
when the partners filed their respective tax returns because the
filing dates are nonpartnership items.  This position contradicts
the holding of Rhone-Poulenc Surfactants & Specialties, L.P. v.
Commissioner, 114 T.C. 533 (2000), where we examined the
partners' filing dates to decide when the assessment period under
sec. 6501 expired.  Although petitioner contends its position
does not conflict with our existing caselaw, petitioner has not
explained how the Court can apply the holding of Rhone-Poulenc
without examining the partners' filing dates.  Petitioner's
(continued...)

II.  <u>Whether Petitioner May Amend Its Petition A Second Time</u>

Rule 34(b)(4) provides that the petition in a deficiency or liability action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner * * *.  * * *  Any issue not raised in the assignments of error shall be deemed to be conceded." Rule 241(d)(1)(C) provides a similar rule for a petition in a partnership action.

Petitioner seeks to amend its petition a second time to assign error to the adjustments in the FPAA.  Rule 41(a) provides in part:  "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  * * * Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires."  Rule 41 is similar to rule 15(a) of the Federal Rules of Civil Procedure, which also declares that leave to amend "shall be given freely when justice so requires."  <u>Kramer v. Commissioner</u>, 89 T.C. 1081, 1084-1085 (1987) (citing <u>Foman v. Davis</u>, 371 U.S. 178 (1962)).  We have looked to holdings under rule 15(a) of the Federal Rules of Civil Procedure for guidance in interpreting Rule 41.  <u>Id.</u>

---

⁴(...continued)
argument is without merit.

The granting or denial of an opportunity to amend a pleading is within the discretion of the trial court. See <u>Foman v. Davis</u>, <u>supra</u> at 182. The Court of Appeals for the Fifth Circuit has held, however, that rule 15(a) of the Federal Rules of Civil Procedure "severely restricts" the trial court's discretion and "evinces a bias in favor of granting leave to amend." <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 (5th Cir. 1981). Unless there is a substantial reason to deny leave to amend, the discretion of the trial court is not broad enough to permit denial. <u>Id.</u> at 598. "The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." <u>Id.</u> (citations omitted); see also <u>Pinson v. Commissioner</u>, T.C. Memo. 2000-393.

Respondent argues that we should deny petitioner's motion because of undue delay, noting that the motion was filed approximately 11 months after the amended petition was filed. See <u>supra</u> note 4. Unless the delay is excessive, however, mere passage of time need not result in refusal of leave to amend. <u>Dussouy v. Gulf Coast Inv. Corp.</u>, <u>supra</u> (reversing denial of motion for leave to amend filed 41 days after a party was dismissed from the case); cf. <u>Russo v. Commissioner</u>, 98 T.C. 28

(1992) (denying motion filed 8 years after the petition was filed).

We also note that the instant case was not scheduled for trial when petitioner filed its motion.[5]  It is therefore distinguishable from many of the cases in which the denial of a motion for leave to amend was upheld.  See, e.g., Ashe v. Corley, 992 F.2d 540 (5th Cir. 1993) (upholding denial of a motion for leave to amend filed 1 week before trial); Jackson v. Columbus Dodge, Inc., 676 F.2d 120 (5th Cir. 1982) (upholding denial of a motion filed 1 day before a pretrial conference and 19 months after the complaint was filed); Rhodes v. Amarillo Hospital Dist., 654 F.2d 1148 (5th Cir. 1981) (upholding denial of a motion filed 30 months after the initial complaint and 3 weeks before trial).  Accordingly, we conclude that there is no undue delay in the instant case.

Respondent contends that respondent will be prejudiced if petitioner's motion is granted because additional discovery will be necessary.  The need for additional discovery is a factor to consider in granting or denying a motion for leave to amend.  See Ross v. Houston Indep. School Dist., 699 F.2d 218, 229 (5th Cir. 1983).  Additional discovery often will be required, however, when a petition is amended.  The nonmoving party generally is not

---

[5] The instant case was calendared for trial on the Oct. 30, 2006, San Antonio, Texas, trial session but was continued after the parties filed a joint motion for continuance of trial.

prejudiced if it can present evidence as to the issues raised by the amendment.  See <u>Steiner v. Commissioner</u>, T.C. Memo. 1995-122; see also <u>Ross v. Houston Indep. School Dist.</u>, <u>supra</u> (upholding denial of a motion for leave where the amendment would require additional discovery, add 26 new parties, and likely require several additional years for preparation and trial of the case); cf. <u>Kramer v. Commissioner</u>, <u>supra</u> at 1085 (denying a motion for leave filed after trial because the Commissioner could not offer evidence as to the newly raised issue).

We also note that, aside from the statute of limitations issue discussed above, petitioner appears to address only the adjustments made in the FPAA.  Thus, the instant case is not one where the amendment would establish "an entirely new factual basis" for the movant's claims.  Cf. <u>Little v. Liquid Air Corp.</u>, 952 F.2d 841, 846 (5th Cir. 1992).  In sum, any burden of additional discovery does not overcome the factors in favor of granting leave to amend.  See <u>Dussouy v. Gulf Coast Inv. Corp.</u>, <u>supra</u>.

Finally, respondent appears to argue that petitioner has shown bad faith.  Respondent contends that petitioner's motion is "an apparent attempt to escape judgment as a matter of law based on respondent's motion for summary judgment".  Respondent cites several cases upholding the denial of a motion for leave to amend that was filed after the opposing party had filed a motion for

summary judgment.  See, e.g., <u>Little v. Liquid Air Corp.</u>, <u>supra</u>; <u>Overseas Inns S.A. P.A. v. United States</u>, 911 F.2d 1146 (5th Cir. 1990); <u>Layfield v. Bill Heard Chevrolet Co.</u>, 607 F.2d 1097 (5th Cir. 1979).

As respondent acknowledges, however, there is no per se rule requiring the trial court to deny a motion for leave to amend after a motion for summary judgment has been filed.  See <u>Zaidi v. Ehrlich</u>, 732 F.2d 1218, 1220 (5th Cir. 1984); <u>Bamm, Inc. v. GAF Corp.</u>, 651 F.2d 389, 391-392 (5th Cir. 1981).  Considering that the instant case was not scheduled for trial when petitioner filed its motion and that the issues are largely confined to the adjustments made in the FPAA, we conclude that it is appropriate to allow petitioner to amend its petition again.

Having decided that petitioner may amend its petition again, we shall deny respondent's motion for summary judgment.  The second amended petition assigns error to the adjustments in the FPAA, thus raising genuine issues as to material facts.  Summary judgment therefore is inappropriate.  See Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.