In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-1841

ALAA I. MUSA,

*Petitioner-Appellant,*

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

Appeal from the United States Tax Court.
No. 27996-12 — **Joseph W. Nega**, *Judge.*

ARGUED JANUARY 12, 2017 — DECIDED APRIL 26, 2017

Before BAUER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* The central issue in this appeal from the Tax Court is how to apply the "duty of consistency," an equitable tax doctrine analogous to judicial estoppel, which prevents a party from prevailing in a court proceeding by taking one position and then taking a contradictory position in a later case. See *Kielmar v. Commissioner*, 884 F.2d 959, 965 (7th Cir. 1989). The Tax Court correctly applied the duty of consistency in this case to prevent a taxpayer's unfair tactic to minimize the consequences of his fraud.

Appellant Alaa Musa owns and operates a restaurant in Milwaukee, Wisconsin. The Commissioner of Internal Revenue determined that Musa made numerous misrepresentations on his tax returns, including underreporting his federal income taxes by more than $500,000 for the years 2006 to 2010. Musa challenged this determination in the Tax Court. The Tax Court upheld the Commissioner's determination, including a civil fraud penalty. On appeal, Musa does not challenge the fraud finding. Instead, he makes arguments that are heavy on chutzpah but light on reasoning or any sense of basic fairness.

Musa's central argument is that after his fraud was discovered, the Commissioner should have allowed him additional deductions on his individual tax returns based on amended employment tax returns in which Musa had corrected earlier false underreporting of wages. He made these corrections, however, only after the statute of limitations had run on the Commissioner's ability to collect the correct amounts of employment taxes that Musa's amended returns admitted were due. Musa argues that the Tax Court mishandled this issue by permitting the Commissioner to amend his answer to add the affirmative defense of the duty of consistency under tax law, and then erred by granting partial summary judgment to the Commissioner on that defense. Musa also argues that the Tax Court erred by denying his request to recall a witness. Musa's claims are without merit. We affirm the decision of the Tax Court.

I.   *Factual and Procedural Background*

   A.  *Musa's Fraudulent Tax Filings*

Musa opened his restaurant in 2005. He is the sole member of the limited liability company that owns and operates the

restaurant. Since its early days, Musa's family members regularly worked as employees at the restaurant, and he paid them based on informal agreements. Musa did not report their wages to the company the restaurant hired to assist with payroll. The payroll company's services included withholding required taxes from employees' paychecks, issuing annual wage and tax statements to employees and the IRS, and filing Musa's quarterly employment tax returns.

Musa gave the payroll company his employees' information over the phone on a biweekly basis. He did not include any of his family members in the information that he provided between 2006 and 2008. He included only two of his family members during 2009 and 2010. Instead, Musa paid family employees in cash under the table and maintained no record of these payments. He also underreported the amount his staff received in tips.

At the same time, Musa was underreporting the restaurant's revenues on his individual tax returns and the restaurant's Wisconsin monthly sales tax returns for 2006 to 2008. He did this by lying to his then-accountant, J&M Accounting and Tax Services. Musa reported the restaurant's monthly sales over the phone to J&M. He gave the accounting firm inaccurate information and failed to disclose relevant banking information.

B. *Investigation and Tax Court Proceedings*

The IRS began to audit Musa in 2009. The examination started with Musa's 2007 income tax return, but soon expanded to include his returns from 2006 and 2008. A review of the bank statements for Musa and the restaurant revealed

that the amount of credit card deposits in the restaurant's account exceeded the amount Musa reported on his income tax returns. The IRS considered pursuing criminal charges against Musa for his tax fraud but ultimately opted for only civil remedies.

While under audit, Musa hired accountant Charles Sturm to replace J&M. Sturm prepared returns for 2009 and 2010 and amended returns for 2006 to 2008. Musa signed the amended returns for 2006 and 2007 in October 2011.

On August 21, 2012, the IRS sent Musa a Notice of Deficiency for tax years 2006 to 2010. Musa then petitioned the Tax Court for a redetermination of his tax deficiency. He challenged many aspects of the deficiency notice, including the Commissioner's determination that his underpayment was due to fraud. On September 23, 2013, Musa responded to the Commissioner's discovery request and provided a spreadsheet listing employees who he claimed had been paid additional wages but who were not previously included in the restaurant's wage statements. Over the next few months, the restaurant submitted amended wage and tax statements, as well as amended quarterly employment tax returns for 2006 to 2010. Based on these amended returns, Musa sought additional deductions from his income tax liabilities. On the amended forms for 2007 and 2010, Musa claimed that he first learned about these errors on May 2, 2012. Musa provided copies of these amended statements to the Commissioner on January 10, 2014.

Contrary to Musa's arguments on appeal, the Commissioner responded promptly to Musa's tactic. Just a month later in a conference call with the Tax Court and Musa, the Com-

missioner raised the affirmative defense of the duty of consistency. He argued that the doctrine prevents Musa from claiming new expense deductions on his income tax returns for wages paid between 2006 and 2009 because the IRS had relied on those representations and because the period for assessing employment taxes on those wages had expired. The Commissioner also made this argument in his pretrial memorandum on February 24, 2014.

Because the duty of consistency is an affirmative defense, the Commissioner sought and was granted leave to amend his answer in March 2014. The Commissioner also sought partial summary judgment on this defense, and the Tax Court ruled in his favor on March 27, 2014. The Tax Court denied Musa's motion to reconsider its decisions on the amendment and partial summary judgment.

The Tax Court held a trial on the remaining issues in May 2014. One issue was Musa's liability for the fraud penalty for his underpayments from 2006 to 2010. The fraud penalty was supported by an accountant from J&M who testified that Musa had not been forthcoming with certain financial information, such as the existence of numerous bank accounts. Musa tried to rebut that testimony with testimony by his new accountant, Sturm. After Sturm testified and the court gave Musa a chance to question him again on re-direct examination, the court dismissed the witness. The Commissioner then introduced Exhibit 128, which was an interrogatory response by Musa identifying eleven of his bank accounts. Musa did not object to Exhibit 128.

During the trial, the court permitted the testimony of three witnesses (Musa's family members) to be delayed so they

could discuss with counsel the potential criminal ramifications of their testimony. After the trial had otherwise concluded, during a conference call to arrange for the testimony of these remaining witnesses, Musa's counsel asked to recall accountant Sturm for further questioning regarding Exhibit 128. The Tax Court denied the motion because Musa had not objected to Exhibit 128, Sturm already had a chance to discuss the subject matter of the exhibit, and further delay would prejudice the Commissioner.

On March 25, 2015, the Tax Court issued a memorandum opinion ruling in favor of the Commissioner and holding Musa liable for his deficiency and the fraud penalty. To support this conclusion, the court pointed out that Musa had: (1) understated his income; (2) failed to keep adequate records; (3) offered implausible explanations for his behavior; (4) concealed income; (5) failed to cooperate with tax officials; (6) failed to file Forms W-2 and 1099-MISC for all employees; (7) filed false documents; (8) failed to make estimated tax payments; and (9) relied extensively on cash payments. The court determined that Musa owed over $500,000 in income tax for years 2006 to 2010 and over $380,000 in fraud penalties.

On appeal, Musa does not deny that he filed fraudulent income and employment tax returns. Instead, he argues that the Tax Court erred in two ways: first in its rulings on the duty of consistency and second in denying his request to recall accountant Sturm.

II. *Analysis*

   A. *Duty of Consistency*

      1. *Amendment to Answer*

We review for abuse of discretion the Tax Court's decision to allow the Commissioner to amend his answer. See *Estate of Kanter v. Commissioner*, 337 F.3d 833, 851 (7th Cir. 2003), *rev'd on other grounds, Ballard v. Commissioner*, 544 U.S. 40 (2005). The Tax Court enjoyed ample discretion to permit this amendment of the pleading. Rule 41(a) of the Rules of Practice and Procedure of the Tax Court provides: "A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. … Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be freely given when justice so requires." This Rule was derived from Rule 15(a) of the Federal Rules of Civil Procedure, and the two rules should be interpreted in a similar manner. See *Kramer v. Commissioner*, 89 T.C. 1081, 1084–85 (1987); *Curr-Spec Partners, LP v. Commissioner*, 94 T.C.M. (CCH) 314, at *4 (2007). Civil Rule 15(a) requires courts "to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Security Life of Denver Ins.*, 800 F.3d 343, 358 (7th Cir. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Ax v. Commissioner*, 146 T.C. 153, at *168 (2016) ("The question of prejudice under Rule 41(a) is … whether the addition of those new issues by a later amendment, rather than by inclusion in the initial pleading, works an unfair disadvantage to the other party.").

Musa claims that he was "unduly prejudiced" when the court permitted the Commissioner to amend his pleading, but

he offers no support for this claim. He claims that the Commissioner amended his pleadings "just days before trial." That is simply not true. The Commissioner raised the issue more than three months before trial during a conference call on February 7, 2014 and sought leave to amend his answer more than two months before trial. This was no last-minute surprise on the part of the Commissioner, at least. Moreover, since Musa did not make clear in his original petition that he would seek additional deductions based on his payments of previously unreported wages, the Commissioner had no grounds to raise the duty of consistency until he actually raised it. Musa's approach would unfairly penalize the Commissioner (and thus other taxpayers) for Musa's own delays and false tax returns. The Tax Court did not abuse its discretion in allowing the amendment.

2. *Partial Summary Judgment*

Musa next claims that the Tax Court misapplied the duty of consistency in granting the Commissioner's motion for partial summary judgment. Since we review the Tax Court's decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury," 26 U.S.C. § 7482(a)(1), we review *de novo* the Tax Court's award of summary judgment. *Kindred v. Commissioner*, 454 F.3d 688, 693–94 (7th Cir. 2006).

Musa claims he should have been allowed additional deductions on his individual income tax returns based on the amended employment tax returns that he filed after his fraud was discovered. This is so, he claims, because the Commissioner failed to satisfy the requirements for applying the duty of consistency. Here, again, Musa's argument is disconnected from any sense of basic fairness.

The duty of consistency is an equitable tax doctrine analogous to judicial estoppel, which prevents a party from prevailing in a court proceeding by taking one position and then taking a contradictory position in a later case. See *In re Knight–Celotex, LLC*, 695 F.3d 714, 721–22 (7th Cir. 2012), citing *New Hampshire v. Maine*, 532 U.S. 742 (2001). We outlined the requirements of the duty of consistency as follows:

> The duty of consistency applies when there have been: "(1) a representation or report by the taxpayer; (2) on which the Commission[er] has relied; and (3) an attempt by the taxpayer after the statute of limitations has run to change the previous representation or to recharacterize the situation in such a way as to harm the Commissioner."

*Kielmar v. Commissioner*, 884 F.2d 959, 965 (7th Cir. 1989), quoting *Herrington v. Commissioner*, 854 F.2d 755, 758 (5th Cir. 1988). The Tax Court correctly concluded that the undisputed facts satisfied these three elements.

First, Musa made representations on the various tax forms he filed, including the restaurant's quarterly employment tax returns for 2006 to 2009 and the W-2 and W-3 forms provided to the restaurant's employees and the IRS. In his initial filings, Musa represented that the restaurant paid employees the following sums in non-tip wages from 2006 to 2009, respectively: $28,248; $18,900; $30,993; and $70,890. Then in the fall of 2013, Musa amended his filings to identify additional wages that he had paid to employees but failed to report for those same years: $42,000; $105,000; $92,000; and $153,000.

Second, the Commissioner relied on the original representations because the IRS assessed employment taxes based on Musa's original reports of employee wages in the restaurant's quarterly tax returns. See, e.g., *Estate of Ashman v. Commissioner*, 231 F.3d 541, 546 (9th Cir. 2000) ("The mere fact that [the Commissioner] did not take steps against her, but accepted the return and let the statute of limitations run, demonstrates that he did rely."); *Herrington*, 854 F.2d at 758 ([T]he Commissioner relied on this representation [by petitioners] by accepting their 1976 return and allowing the statute of limitations to run.").

In one of his heavier doses of chutzpah, Musa argues that the Commissioner did not rely on the employment returns because the Commissioner should have known they were inaccurate. This is so, Musa claims, because the Commissioner had "all facts available to him" or had the "opportunity to gain such knowledge" prior to the expiration of the statute of limitations, so the Commissioner did not "rely" on Musa's false representations. In other words, Musa argues, after the IRS discovered his income tax fraud and he submitted amended income tax returns, the IRS should have induced from the amended income tax returns that the restaurant's quarterly employment tax returns had also been incorrect.

The Ninth Circuit observed that a similar argument that the Commissioner "did not rely because he should have suspected … wrongdoing is a wallydraigle." *Estate of Ashman*, 231 F.3d at 546. We agree. There is no merit to Musa's claim that the Commissioner loses his ability to rely on Musa's employment tax returns because Musa amended his income tax returns. Ours is a "self-reporting system of taxation," and for that system to function, the Commissioner must be able to

rely on "truthful reporting." *United States v. Paepke*, 550 F.2d 385, 391 (7th Cir. 1977).

Musa claims that the IRS should have known about his inaccurate wage reporting even before Musa himself supposedly knew about it. On the restaurant's amended quarterly employment tax returns for 2007 and 2010, Musa claimed that he learned about the errors on May 2, 2012. He now argues that the Commissioner should have learned about the errors sooner, because by May 2, 2012 the assessment period for 2006, 2007, and 2008 had expired. We reject this remarkable assertion. The Commissioner was permitted to take at face value the representations in Musa's original tax returns.

Third, failing to hold Musa to the duty of consistency would harm the Commissioner. As just mentioned, the assessment period for the restaurant's employment tax returns for 2006 to 2008 expired before the IRS could assess additional taxes based on the amended employment tax returns. This is because, in general, the IRS may assess an employment tax or associated penalty only within three years after the return is filed. 26 U.S.C. § 6501(a). Since the IRS could not collect additional taxes based on Musa's amended employment tax returns, it was harmed. Based on undisputed facts, the duty of consistency applies. The Tax Court did not err when it ruled that Musa is estopped from claiming the additional deductions he seeks to offset the consequences of his own fraud.

B. *Recalling Expert Witness*

Finally, Musa claims that the Tax Court erred when it refused to recall accountant Charles Sturm for further testimony. Sturm had testified on several matters, including the number of bank accounts that Musa used, but he admitted to

being ill-prepared on that subject, which was also addressed in Musa's interrogatory answer admitted without objection as Exhibit 128. On appeal, Musa argues that Exhibit 128 was admitted "without any context or testimony," and that Sturm, if recalled, would have "contradicted, impeached or defused the Commissioner's conjecture" about the fraudulent nature of the numerous bank accounts.

Whether to recall a witness who has completed his testimony is the sort of trial management issue that appellate courts leave to the sound discretion of trial judges, *United States v. Liefer*, 778 F.2d 1236, 1249 n.11 (7th Cir. 1985), so we review for abuse of discretion the Tax Court's denial of Musa's request. *United States v. Dent*, 984 F.2d 1453, 1463 (7th Cir. 1993), *abrogated on other grounds as recognized in United States v. Gilbert*, 391 F.3d 882 (7th Cir. 2004).

The Tax Court did not abuse its discretion. First, the exhibit did not contain new or surprising information; it was Musa's own testimony in the form of an interrogatory response regarding his numerous bank accounts. He did not object to its introduction during trial. Second, Sturm's proposed testimony would not have "contradicted" or "impeached" the Commissioner. The exhibit was introduced to show that Musa was not forthcoming with his earlier accountant, J&M, regarding the existence of his numerous bank accounts. Sturm's proposed testimony about the purpose of those accounts would not have contradicted Musa's failure to disclose those accounts (and we wonder what admissible evidence Sturm might have been able to offer about Musa's purposes before Musa hired him). Third, Musa already had a chance to question Sturm about the bank accounts. Finally, even if the Tax Court might have abused its discretion—and it did not—the

denial was harmless. There is not a "significant chance" that permitting Sturm to testify would have changed the outcome of the case. See *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1082 (7th Cir. 1998). The court made numerous other findings to support its fraud determination.

The judgment of the Tax Court is AFFIRMED.