[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-10877

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD BROUILLARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00024-WWB-GJK-1

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Ronald Brouillard pled guilty to child pornography offenses involving the rape and molestation of his granddaughter, beginning when she was two years old, and the possession of 19 videos and more than 1,500 images that depicted child pornography. The investigation also revealed that Brouillard had molested his step-great-niece, who was eight years old. For this horrifying conduct, the district court sentenced Brouillard to a total of 960 months in prison, which was the sentence recommended by the Sentencing Guidelines.[1]

Brouillard appeals his sentence on the ground that it is substantively unreasonable. He contends that the district court failed to adequately consider various mitigating factors, including his remorse, abusive parents, stable employment, acceptance of responsibility, old age (72 at sentencing), poor health, and low risk of recidivism.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Brown*, 772

---

[1] Based on a total offense level of 43 and a criminal-history category of I, the guideline range would have been life imprisonment but for the applicable statutory maximums for his offenses of producing and possessing child pornography. *See* 18 U.S.C. § 2251(a), (e) (30-year maximum); 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (20-year maximum). The district court imposed the statutory maximums for each offense to run consecutively.

F.3d 1262, 1266 (11th Cir. 2014).  This review "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

After considering the § 3553(a) factors, the district court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing stated in § 3553(a)(2), which include retribution, deterrence, and protection of the public.  18 U.S.C. § 3553(a)(2)(A)–(C).  The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range. *See id.* § 3553(a)(1)–(7).  The court must consider all the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

"The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.* at 1256. "[A] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). "We may set aside a sentence only if we determine, after giving a

full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *Id.* at 1191.

Here, the district court did not fail to consider the mitigating factors Brouillard claims render his sentence too harsh. On the contrary, the court listened to the parties' extensive arguments about these factors at sentencing and then explained in detail why it believed they did not warrant a sentence below the guideline range. In particular, the court cited Brouillard's troubled childhood, medical issues, age, genuine remorse, lack of criminal history, and potential low risk of recidivism, and it stated that, apart from his crimes in this case, he appeared to be "an upstanding citizen who cares for other people." But the court found that these factors did not warrant a downward variance in light of the "horrific" nature of his conduct, which involved the sexual abuse of children aged two and eight; the danger he posed to children, because "any risk [of reoffending] is too high a risk"; and the grievous and long-lasting harm he had caused his victims, including the two minor victims he abused and the various other victims depicted in the child pornography he possessed. The weight to give these factors was for the district court, and we will not reweigh them ourselves. *Rosales-Bruno*, 789 F.3d at 1254.

Nor did the district court impose a substantively unreasonable sentence based on the facts of the case. We "ordinarily expect a sentence within the guidelines range to be reasonable," and this case is no exception. *United States v. Kirby*, 938 F.3d 1254, 1259 (11th Cir. 2019) (quotation marks omitted). "Sexual crimes against minors cause substantial and long-lasting harm," which is borne out by the victim-impact statements before the district court at sentencing. *United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir.

2014).  In addition, "we have recognized that child sex crimes are among the most egregious and despicable of societal and criminal offenses." *Id.* (cleaned up).  "For that reason, we have repeatedly upheld severe sentences in these cases." *Id.* (quotation marks omitted); *see, e.g.*, *United States v. Johnson*, 451 F.3d 1239, 1240, 1244 (11th Cir. 2006) (holding that a 1,680-month sentence was reasonable to reflect the need to protect children from the defendant, who was convicted of producing and distributing child pornography). That the sentence was an "effective life term of imprisonment" given his age, as Brouillard claims, does not make it unreasonable under the circumstances here. *See United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018) ("A sentence which may result in a defendant passing away while in custody, however tragic, is neither automatically a life sentence nor presumptively unreasonable."). Brouillard's sentence is well within the range of reasonable sentences for his heinous conduct.

For these reasons, we affirm Brouillard's sentence.

**AFFIRMED.**